39416. HESTERS et al. v. SAMMONS.

D̲ECIDED̲ M̲AY̲ 30, 1962—R̲EHEARING̲ D̲ENIED̲ J̲UNE̲ 13, 1962.

Robert B. Sumner, W. Emory Walters, J. Laddie Boatright, for plaintiffs in error.

Charles R. Free, Virgil H. Sheppard, contra.

BELL, Judge.  The defendants' first contention is that the

allegations in the dispossessory affidavit and warrant "that said tenant fails to pay the rent now due on said house and premises, or that the said tenant is holding said house and premises over and beyond the term for which the same was rented to him . . ." is not a statement of any ground which may serve as a foundation for the maintenance of a dispossessory proceeding.

The record shows that in open court the parties agreed that the sum of $1,000 was owed by the defendants to the plaintiff. While nothing was said as to whether this amount was for rent unpaid or for rent due for holding beyond the term, this makes no difference as it must be presumed that the amount included all that was due for whatever reason.

Neither is there any merit in the contention that the allegedly fatally defective description of the property in the warrant compels the granting of the motion to arrest and vacate the judgment.

It appears that following the consent judgment, possession of the property was voluntarily surrendered. This surrender of the property renders moot the questions as to whether the description of the property in the warrant was sufficient or not or whether there was a statement of any proper ground which could serve as a foundation for maintaining the dispossessory proceedings.

The trial court properly denied the motion to vacate and set aside the judgment on these grounds.

■ The defendants further argue that the judgment did not conform to the verdict and thus *Code* § 110-301 makes it void.

The verdict of the jury in this case reads as follows: "We, the jury, find in favor of the plaintiff for the premises in dispute and $1,000 over costs." Following this verdict, the judge entered judgment in favor of the plaintiff against the defendants, as principals, and Owen Luke, as security, for $1,000 and accrued costs and further awarded to plaintiff possession of the premises.

The defendants then moved to vacate and set aside this judgment on the ground that there was no lawful basis in law or fact for the judgment to have been rendered against them as

principals, and Owen Luke, as security, for the sum of $1,000 and costs. The trial judge, pursuant to this motion, reformed the judgment to delete Owen Luke, as security, so that the amended judgment was only against the defendants, Mr. and Mrs. Alma Hester. The basis of this reformation of the judgment was that Owen Luke was not a party to the case.

From the record it appears that this deletion of the security from the judgment by reforming it was proper for still another reason. Owen Luke was security upon a forthcoming bond for the delivery of certain described personal property to the sheriff, thus the terms of the bond did not extend to make him liable for the delinquent rents nor to obligate him to deliver possession of the premises which he obviously did not have.

Not only did the final reformed judgment conform to the verdict, but this reformation by the trial judge was a correction of previous error. A judgment may be amended by order of the court to conform to the verdict upon which it is based, even after an execution issues. *Code* § 110-311.

The other grounds of the defendants' motion in arrest of judgment were not argued and are deemed abandoned. "A mere recital in the brief of counsel of the existence of an assignment of error without arguments or citations of authority in its support is insufficient to save it from being treated as abandoned." *B-X Corp. v. Jeter*, 210 Ga. 250 (4) (78 SE2d 790); *Head v. Lee*, 203 Ga. 191 (5) (45 SE2d 666).

The trial judge properly overruled the motion in arrest of judgment.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*