52204. LUNSFORD COMPANY v. KLINGENBERG.

CLARK, Judge.

This dispossessory action was predicated upon the nonpayment of rent. The affidavit instituting the proceeding set forth, inter alia, that plaintiff demanded possession of the premises. In his answer, tenant did not take issue with the averment of demand.

The case was tried by the court without a jury. Plaintiff failed to introduce any evidence showing that a demand for possession of the premises had been made. When tenant submitted evidence that plaintiff never made such a demand, plaintiff objected on the grounds that (1) the evidence was not within the issues posed by the pleadings and (2) it was surprised and prejudiced by defendant's tactics. The court overruled plaintiff's objection and permitted the evidence to be introduced.

At the close of the case, the trial court entered judgment for tenant on the ground that plaintiff failed to show a demand for possession of the property. Plaintiff appealed.

1. "Prerequisite to the right to seek a dispossessory warrant is a demand for possession of property by the landlord. Code § 61-301." *Terrell v. Griffith,* 129 Ga. App. 675, 677 (200 SE2d 485). "But, as in this case, where the affidavit to dispossess the tenants alleged that possession had been demanded, and the counter-affidavit [answer] made no denial thereof... the question of demand was not in issue and proof of demand was not required. *Mitchell v. White,* 74 Ga. 327; *Hindman v. Raper,* 143 Ga. 643 (2) (85 SE 843)." *Minor v. Sutton,* 73 Ga. App. 253, 256 (36 SE2d 158); *Johnson v. Freedman,* 128 Ga. App. 480, 482 (197 SE2d 400). See also Code Ann. § 81A-108 (d).

2. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." Code

Ann. § 81A-115 (b).

3. "The last two sentences of Rule 15 (b) [Code Ann. § 81A-115 (b)] prescribe the procedure to be followed if there is an objection to the introduction of evidence on the ground that the material offered is not within the issues framed by the pleadings. This portion of the rule admonishes the court that amendments should be allowed freely whenever the presentation of the case's merits will be subserved thereby. Thus, an amendment will be granted unless the party objecting to the evidence persuades the court that its admission will prejudice him in maintaining his claim or defense." 6 Wright & Miller, Federal Practice and Procedure: Civil § 1495.

4. "Prejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Deakyne v. Commissioners of Lewes, 416 F2d 290, 300 (3rd Cir. 1969).

5. Here plaintiff was surprised and prejudiced by the introduction of defendant's demand evidence. The trial court should not have permitted defendant to introduce such evidence without first giving plaintiff an opportunity to prepare for this defense. Compare *Hirsch's v. Adams*, 117 Ga. App. 847 (162 SE2d 243).

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED MAY 26, 1976.

*William F. Lozier*, for appellant.

*Katz, Paller & Land, G. Roger Land, John E. Robinson*, for appellee.