20265

Bobby KIBLER, Appellant, v. STATE of South Carolina, Respondent.
(227 S. E. (2d) 199)

*Messrs. William T. Toal, Roy T. Stuckey, Vance L. Cowden,* and *Holcombe H. Thomas,* of Columbia, *for Appellant,*

252

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair*
and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for*
*Respondent,*

*Messrs. William T. Toal, Roy T. Stuckey, Vance L. Cowden,* and *John L. Davidson,* of Columbia, *for Appellant, in Reply.*

July 23, 1976.

*Per Curiam:*

Appellant seeks to collaterally attack his plea of *nolo contendere* to the crime of housebreaking, a felony, for which he received a five (5) year sentence. The appeal comes to us by way of a denial of a postconviction relief. We affirm.

On November 27, 1973 in the Court of General Sessions, Bobby Kibler, with the advice of counsel, pled *nolo contendere* to a charge if housebreaking. January 25, 1974, he filed an application for Post Conviction Relief (supplemented with the aid of the University of South Carolina Corrections Clinic June 20, 1974) in the Court of Common Pleas for Newberry County. He sought to have his plea vacated and an opportunity to replead on the grounds that his plea was involuntary and that he had been denied effective assistance of counsel.

A hearing on the application was conducted October 2, 1974 at which both the complaining witness and the victim testified. The application was subsequently denied and dismissed by order dated January 31, 1975 of Judge Francis B. Nicholson. Timely Notice of Intention to Appeal was filed February 13, 1975.

Appellant first contends that the trial court did not have jurisdiction to convict and sentence appellant upon a plea of *nolo contendere* as there is no authority in South Carolina for acceptance of such a plea to a felony. The Court of General Sessions has jurisdiction over the subject matter of the offense of housebreaking and had jurisdiction over the person of Bobby Kibler. Thus, the propriety of the entertainment of a plea of *nolo contendere* is a nonjurisdictional matter. It is rather a matter of the

willingness of the State to allow an accused the collateral benefits [1] of such a plea.

Section 17-504 of the 1962 South Carolina Code of Laws provides for pleas of *nolo contendere* with the consent of the Court in all misdemeanors. Applying the maxim *"expressio unius est exclusio alterius"* (expression of one thing is exclusion of another), the lack of any similar provision for felonies may be interpreted as limiting acceptance of *nolo contendere* pleas to misdemeanors. Although this Court subscribes to this interpretation, we cannot say that the lower court committed prejudicial error of which the appellant is entitled to complain. There is no statutory prohibition against acceptance of such a plea; until this case, there has been no judicial denial of acceptance of such pleas; and, generally speaking, the federal courts as well as most state jurisdictions accept the *nolo* plea in felony cases. See 89 A. L. R. (2d) 559.

A plea of *nolo contendere* literally interpreted means "I do not wish to contend." For all practical purposes it is a plea of guilty in so far as the consequences in the particular case in which it is pled. "Like a plea of guilty [it] leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense." *State v. Stokes,* 274 N. C. 408, 163 S. E. (2d) 770 (1968). (Of course, like a guilty plea, it is subject to attack on the issue of the plea being made knowingly and voluntarily).

Appellant does not question the sufficiency of the indictment but seeks to vacate his plea on the grounds that the Court had no authority to accept a *nolo contendere* plea to a felony and therefore had no jurisdiction over his person. We find no merit in his contentions. However, as the benefits of a *nolo contendere* plea as opposed to a guilty plea accrue primarily to the accused, this Court feels

---

[1] A plea of *nolo contendere* cannot be used as an admission against defendant in civil litigation. See 21 Am. Jur. (2d), Criminal Law § 497.

that the proper procedure for our lower courts to follow is to refrain from accepting pleas of *nolo contendere* in felony cases until such are authorized by our legislature. For reasons heretofore stated, we see no error in the trial judge's acceptance of the plea in the instant case nor any prejudice suffered by appellant. There is no question but that the Court had both subject matter and *in personam* jurisdiction.

Appellant's next ground of appeal is that his alleged conduct did not constitute the crime charged. Once a plea of *nolo contendere* is entered, it is beyond the province of the Court to make any determination of the accused's guilt. See *State v. Barbour*, 243 N. C. 265, 90 S. E. (2d) 388 (1955); *Lott v. U. S.*, 367 U. S. 421, 81 S. Ct. 1563, 6 L. Ed. (2d) 940 (1961).

Appellant next contends that he was denied effective assistance of counsel. In support of the charge he cites that his attorney, a public defender, did not confer with him until the week of his plea and at the earliest the day before the plea. Appellant argues that had his attorney independently investigated the facts of the case, including the accounts of the State's witnesses, he would have found that a question existed as to whether appellant had the requisite intent to commit the offense charged. There is no merit to appellant's contentions as the judge conducting the post conviction relief hearing called and heard the State's witnesses who would have testified had appellant not pled. On the basis of the record developed the judge correctly concluded that appellant was not denied any constitutional right.

At the post conviction relief hearing counsel testified that the State made full disclosure of their records to him and that he was aware of the evidence against appellant including the fact there were eyewitnesses to the offenses. He stated there was nothing more that he could have done if he'd had more time and would have asked for a continuance had he felt it necessary. He informed appellant that he had a right to a jury trial, and that he made no

promises to him regarding the sentence. Although he did not conduct an independent investigation of the alleged crime but relied on appellant and arresting officers for information regarding appellant's case, the result here was not such that would make the proceedings a farce and mockery of justice. *Coardes v. State*, 262 S. C. 493, 206 S. E. (2d) 264 (1974). Mere speculation as to what might have happened had counsel independently investigated in the face of a record indicating a result contrary to that speculated is not sufficient grounds for finding ineffective assistance of counsel.

Lastly, appellant contends his plea was not knowingly and intelligently entered. This allegation is completely refuted by the record. At the post-conviction relief hearing appellant testified that he did not understand what a plea of *nolo contendere* meant. He stated he was not aware of the similarities between a plea of *nolo* and guilty including the result, but rather that he "thought it was talking about I wasn't guilty or something like this nature, but I didn't know what it means, so he (counsel) puts me up to it." The transcript of the plea reveals the sentencing judge informed appellant that a plea of *nolo contendere* "simply means you do not oppose the charge," that if such a plea is entered the court is at liberty to impose a sentence and that the maximum sentence for the offense is five years.

Appellant's plea was entered with and on the advice of counsel who was present at the plea sentencing. The court complied with all the requirements of *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969). Appellant's assignment of error here is predicated on allegations of ineffective assistance of counsel previously found to be without merit.

Affirmed.