## 65344. McKINNON v. SHOEMAKER.

POPE, Judge.

Appellee landlord Shoemaker filed a dispossessory warrant on appellant tenant McKinnon seeking rentals due of $1,226 on May 20, 1982. McKinnon admitted possession and refusal to give up the premises, but denied the remainder of the allegations. The record indicates that a hearing was scheduled and continued several times until it was finally set and held on August 10, 1982. Neither McKinnon nor his attorney was present in court. The trial judge announced that the case was to have been heard the previous day, but counsel for McKinnon had called in and said he was sick, so the case had been continued until that time. The judge also stated that McKinnon's attorney had called back that morning to say that he was still sick and physically unable to come to court. The court then found that McKinnon's attorney had not made a strict legal showing of illness and that the ends of justice would not be served by continuing the case any further; he then ordered it to be presented at that time. Appellee Shoemaker testified as to the landlord-tenant relationship and the amount of rentals due and unpaid, quoting in part from the default provisions of the written lease agreement signed by both parties and a letter dated March 30, 1982 demanding vacation of the premises. McKinnon's answer was read into the record, but he presented no evidence. Judgment was granted to Shoemaker in the amount of $2,200 to be paid within three days, and failing that, McKinnon would be removed from the leased premises. McKinnon appeals, enumerating as error the court's failure to continue the August 10 hearing, and the lack of probative evidence showing the terms of the lease agreement or demand for possession.

1. "Counsel did not seek a continuance. While these cir-cumstances may have supported an application for continuance, a continuance because of the absence of counsel is not favored. [Cit.] Where this occurs, a showing of compliance with Code § 81-1413 [OCGA § 9-10-155] is required plus a showing of diligence under Code § 81-1416 [OCGA § 9-10-166]. [Cit.] These factors are absent here. From the facts of this case, it cannot be held that the trial judge abused his discretion in proceeding in the absence of [appellant] and [his] counsel." *Atlanta West Enterprises v. Cobb County Bank,* 150 Ga. App. 577 (1) (258 SE2d 193) (1979). Accord, *Davis v. Barnes,* 158 Ga. App. 89 (279 SE2d 330) (1981).

2. It appears from the transcript of the dispossessory proceedings that no formal tender in evidence of the letter demanding appellant to vacate the premises or of the lease agreement was made to the court. Consequently, appellant contends that any

testimony about these writings by the appellee should not have been heard or considered under OCGA § 24-7-1 (former Code § 38-701).

(a) " 'Prerequisite to the right to seek a dispossessory warrant is a demand for possession of property by the landlord. Code § 61-301 [OCGA § 44-7-50].' [Cit.] 'But, as in this case, where the affidavit to dispossess the tenants alleged that possession had been demanded, and the counter-affidavit (answer) made no denial thereof . . . the question of demand was not in issue and proof of demand was not required. [Cits.]' " *Lunsford Co. v. Klingenberg,* 138 Ga. App. 791, 792 (227 SE2d 507) (1976). Moreover, it appears from an affidavit attached to appellee's brief that the appellant has now voluntarily surrendered possession of the premises in dispute, rendering moot any question as to the sufficiency of the evidence on this issue. *Hesters v. Sammons,* 106 Ga. App. 126 (1) (126 SE2d 484) (1962).

(b) The award of $2,200 in back rental payments was based on the testimony of appellee that under the lease agreement appellant was to pay $275 a month rent and that he had failed to make any payments for the last eight months. While the lease agreement was quoted by appellee on direct examination, the document itself, though marked as an exhibit by the reporter, was never tendered or admitted in evidence by the court and is not a part of the record on appeal. "It is elementary that documents upon which a party rests his case must be offered into evidence. [Cits.] A mere statement of the party's contention is not a sufficient offer." *Stanley v. Stanley,* 138 Ga. App. 560, 561 (226 SE2d 800) (1976); *Hadden v. Owens,* 154 Ga. App. 467 (2) (268 SE2d 760) (1980). Appellant contends that since no reason appears in the record as to why the original writing was not produced, any testimony about its content should not have been heard or considered.

We do not agree. Appellant's denial of liability was based upon his alleged payment of $1,800 toward the purchase of the premises involved here, which the appellee had not offered to return. Thus, the fact in issue was not the amount of the rental payments set forth in the lease, but the amount owed appellee. "It is not contrary to the best-evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental. In such a situation the rule requiring production of original writings has no application. [Cit.] On a question of payment, while documentary evidence as to the manner of payment . . . would add probative value to the proof relied on to establish the payment, the act itself is the essential fact to be shown." *Peterson v. Lott,* 200

Ga. 390, 392-93 (37 SE2d 358) (1946). The appellee's testimony that appellant had not paid his rent as agreed under the lease was based on his personal knowledge, and as such was primary evidence. See *Dixie Groceries v. Albany Business Machines,* 156 Ga. App. 36 (2) (274 SE2d 81) (1980). We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1983.

*Donald B. Napier,* for appellant.
*Amanda F. Williams,* for appellee.