73526. HOGAN v. PETERS.
(353 SE2d 601)

CARLEY, Judge.

Appellant-plaintiff was indicted for the offenses of murder, rape, burglary, and forgery and he was scheduled for trial with the State set to seek the death penalty. Pursuant to a plea bargain, however, appellant pleaded guilty to murder, burglary, and forgery and received a sentence of life plus thirty years. The rape count was nolle prossed. Appellant then filed the instant civil action against appellee-defendant, the attorney who had represented him in the criminal case. Appellant alleged appellee's "legal malpractice, unlawful representation, and conspiracy." The trial court granted appellee's motion to dismiss, from which order appellant brings this appeal.

A complaint must set forth "[a] short and plain statement of the

claims showing that the pleader is entitled to relief. . . ." OCGA § 9-11-8 (a) (2) (A). Although it need not set forth a cause of action, a complaint must set forth a claim for relief. *Mathews v. Greiner*, 130 Ga. App. 817, 822 (4) (204 SE2d 949) (1974). Nowhere in his complaint does appellant aver that his current status as a convicted felon is the ultimate result of appellee's actionable negligence or coercion and not the inevitable consequence of a guilty plea that appellant himself intelligently, freely, and voluntarily made. Cf. *Johnson v. Butcher*, 165 Ga. App. 469 (301 SE2d 665) (1983); *Hughes v. Malone*, 146 Ga. App. 341 (247 SE2d 107) (1978). Appellant's complaint contains merely an enumeration of certain pre-plea actions attributed to appellee, which actions are denominated in a conclusory fashion as malpractice or misconduct. This list of grievances does not set forth a claim for relief. Accordingly, the trial court did not err in granting appellee's motion to dismiss. See *Bush v. Morris*, 123 Ga. App. 497 (181 SE2d 503) (1971); *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134, 137-138 (3) (199 SE2d 260) (1973).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987.

Ricky L. Hogan, *pro se.*
*Alton G. Hartley*, for appellee.