### A95A2596. GOMEZ v. PETERS et al.
(470 SE2d 692)

POPE, Presiding Judge.

Defendant Peters represented plaintiff Gomez in a criminal trial in which Gomez was convicted of one count of child molestation and acquitted on two other counts (one for child molestation and one for cruelty to children). With new counsel, Gomez filed a motion for new trial, alleging ineffective assistance of trial counsel among other claims. After a hearing on the motion, the trial court explicitly rejected the ineffective assistance claim but granted the motion for new trial on other grounds. Having spent approximately nine months in

jail while his motion for new trial was pending, Gomez then entered a negotiated plea to a simple battery charge based on the same conduct as the child molestation offense of which he had been convicted — touching and rubbing the penis of a five-year-old boy. He was sentenced to one year and released on time served.

Gomez subsequently brought this legal malpractice action against Peters and his firm (referred to collectively as "Peters"). The trial court granted summary judgment for Peters on several alternative grounds, and Gomez appealed.

1. Gomez argues that the trial court erred in granting summary judgment without oral argument, since he made a timely written request for oral argument. See Uniform Superior Court Rule 6.3 (oral argument on summary judgment motion "shall be permitted" upon timely written request). Oral argument on the motion was scheduled for April 12, 1995, at 9:30 a.m. At approximately 8:45 that morning, Gomez' counsel called the judge's chambers to inform him that he would be unable to attend the hearing because he was seriously ill, and that his partner was on trial in another county. According to Gomez' counsel, the law clerk he talked to reassured him and told him not to worry, and advised him to contact opposing counsel to save him an unnecessary trip to the courthouse. Gomez' counsel sent defense counsel a fax to this effect, but did not reach him in time. Rather than rescheduling the hearing, the court gave Gomez additional time for a written response to Peters' papers, and then granted Peters' motion for summary judgment on May 26, 1995.

Contrary to Gomez' assertion, the trial court's failure to reschedule oral argument under these circumstances did not contravene USCR 6.3. Oral argument was "permitted" as required by that rule, and was prevented only by counsel's last minute inability to attend.

Instead, we think the situation should be viewed as the denial of a motion for a continuance due to the illness of counsel under OCGA § 9-10-155 — a motion which the trial court has broad discretion to grant or deny, but which it can grant only if the movant complies with the requirements of the statute. See *Adams v. Hill*, 177 Ga. App. 492 (340 SE2d 27) (1986). In this case, Gomez not only failed to meet the requirements of the statute, but did not even make a formal request for continuance on this ground. Particularly in light of the court's prior continuation of the hearing at Gomez' request and the inconvenience caused opposing counsel by a needless trip to the courthouse, the trial court did not abuse its discretion in deciding the motion for summary judgment without rescheduling oral argument on the motion. See also *McKinnon v. Shoemaker*, 166 Ga. App. 231 (1) (303 SE2d 770) (1983) (a continuance because of the absence of counsel is not favored).

Gomez suggests that his counsel's conversation with the judge's clerk should somehow change this result. As counsel should realize, however, a judge cannot be bound by what his staff (or personnel in the court clerk's office) may say regarding how the judge will exercise his or her discretion; and a party who relies on the assurances of staff, at least with respect to a discretionary matter, does so at his own risk.

2. Gomez also challenges the grant of summary judgment on its merits.

(a) The trial court's first basis for summary judgment was collateral estoppel. In Gomez' criminal action, the court's order granting the motion for new trial fully addressed Gomez' allegations of subpar performance on the part of Peters and then stated: "Specifically, the Court holds that Defendant Gomez was assisted by a trial lawyer who presented a cohesive, logical, and vigorous defense. A careful review of the conduct of the trial as a whole establishes that Mr. Gomez' original representation was, in fact, highly effective in that Defendant was acquitted on two of the three charges against him." The logic of the trial court's application of collateral estoppel is compelling, since the quality of Peters' representation has already been actually litigated and decided. Nonetheless, we must hold that collateral estoppel does not apply in this situation based on *Kent v. Kent*, 265 Ga. 211 (1) (452 SE2d 764) (1995), a recent case in which the Supreme Court rejected the proposition that collateral estoppel applies to matters "necessarily *or* actually adjudicated" and clarified that collateral estoppel applies *only* to determinations which were *essential* to the earlier judgment. See 265 Ga. at 211, n. 2. Here, of course, the determination that Peters was effective was not essential to the prior judgment, since the motion for new trial was granted despite that determination. Accordingly, summary judgment was not properly based on collateral estoppel.

(b) The trial court's second basis for granting summary judgment was that Gomez' legal malpractice claim was barred by his own guilty plea. On this ground, we conclude that summary judgment was proper.

In order to establish legal malpractice, a plaintiff must show that he would have prevailed in the underlying litigation if the defendant had not been negligent, see *McDow v. Dixon*, 138 Ga. App. 338 (226 SE2d 145) (1976); and where the underlying action is a criminal trial, the plaintiff is precluded from doing this if he has pled guilty. See *Hockett v. Breunig*, 526 NE2d 995 (Ind. App. 1988); *Carmel. v. Lunney*, 518 NYS2d 605 (Ct. App. 1987). Regardless of his asserted reasons for doing so, Gomez pled guilty to touching and rubbing the penis of a five-year-old boy, and the time he had to serve for this offense was the time he had already served for the prior conviction

which he blames on Peters. It follows that Gomez' damages were the result of his acknowledged guilt, and he is unable to show any damage proximately caused by any alleged negligence of Peters.

In other words, a client who has acknowledged his guilt cannot assert that his attorney's poor performance caused his incarceration. *Hockett*, 526 NE2d at 998-999. Moreover, this is true even in a situation like this one where the plaintiff pled guilty to a lesser included offense, as long as his "damage" (i.e., the time he already served on the initial conviction) is no greater than what he would have had to sustain for the offense to which he pled anyway. Contrary to Gomez' assertion, *Hogan v. Peters*, 181 Ga. App. 670 (353 SE2d 601) (1987), does not hold or suggest otherwise.

3. Gomez further contends that the trial court erred in imposing costs under OCGA § 9-11-37 (a) (4) (A) without giving him an opportunity to speak to the issue. That Code section provides that "[i]f the motion [to compel] is granted, the court shall, *after opportunity for hearing*, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order . . . unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.)

Peters filed a motion to compel seeking (among other things) discovery from Dr. James Stark, a psychologist who evaluated Gomez and was a witness at the hearing on his motion for new trial. At the hearing on Peters' motion to compel this discovery, Gomez' counsel clearly stated to the court that he would not be using Dr. Stark at trial. Based on that statement, the court denied the portion of Peters' motion to compel relating to Dr. Stark. After the hearing, however, Gomez' counsel denied having said that he would not be using Dr. Stark. Thus, Peters was forced to revisit the issue of Dr. Stark's testimony, and to pay $208 for a transcript which showed that Gomez' counsel had in fact clearly stated he would not be using Dr. Stark. Peters requested recovery of the cost of the transcript in a letter to the court dated May 1, 1995, and the court granted Peters' request in an order dated May 5, 1995, without giving Gomez any opportunity to respond.

We agree with Gomez that OCGA § 9-11-37 (a) (4) (A) requires the court to give a party an opportunity to be heard before costs are imposed. In most cases, this can be done at the hearing on the motion to compel itself. Here, however, that course was not possible because Gomez' unjustified position was taken *after* the hearing on the motion to compel. In this unusual situation, the court must give the party losing the motion to compel the opportunity to respond to the winner's request for costs related to the motion. Even if, as here, it seems clear that the position taken by the losing party was not sub-

stantially justified, he should have the chance to attack the reasonableness of the costs or convince the court that other circumstances make an award of expenses unjust. We therefore remand the case for the limited purpose of allowing Gomez to respond before the trial court decides whether to impose costs under OCGA § 9-11-37 (a) (4) (A).

4. Gomez' motion to recuse the trial court judge, filed after summary judgment had already been granted, was properly denied as untimely. See USCR 25.

5. Gomez' remaining arguments are rendered moot by our decision in Division 2 (b) that summary judgment was proper based on Gomez' guilty plea.

*Judgment affirmed in part and remanded in part. Beasley, C. J., concurs specially. Ruffin, J., concurs in judgment only.*

BEASLEY, Chief Judge, concurring specially.

I fully concur except with respect to Division 2 (a). The trial court was not in error in granting summary judgment on the ground of collateral estoppel, because the issue was fully adjudicated in the prior action. The trial court there made an express ruling on the legal adequacy of counsel's representation of Gomez.

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 — 

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for appellant.

*Troutman Sanders, A. William Loeffler, Daniel S. Reinhardt, William N. Withrow, Jr.,* for appellees.