526 S.E.2d 232

**Curtis BROWN, Appellant,**

v.

**Jerry N. THEOS, Arthur G. Howe, and Coming B. Gibbs, Jr., Respondents.**

No. 3091.

Court of Appeals of South Carolina.

Submitted Nov. 2, 1999.

Decided Dec. 20, 1999.

Rehearing Denied Feb. 26, 2000.

Harry L. Devoe, Jr., of New Zion, for appellant.

James E. Reeves and Thomas J. Wills, both of Barnwell, Whaley, Patterson & Helms; and Allan R. Holmes, of Gibbs & Holmes, all of Charleston, for respondents.

HUFF, Judge:

Appellant, Curtis Brown, brought this action against respondent-attorneys, Jerry N. Theos, Arthur G. Howe, and Coming B. Gibbs, Jr., alleging malpractice in connection with the criminal conviction of appellant for certain drug offenses. From orders granting respondents' motions to dismiss, Brown appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Brown alleges that in 1993, he was indicted for trafficking in cocaine and three counts of distribution of cocaine. Brown, who was represented by Theos and Howe, was convicted of trafficking in cocaine and distribution and was sentenced to twenty-five and fifteen years, respectively. Brown retained Gibbs to assist Theos and Howe in his appeal, which was unsuccessful. Brown subsequently applied for Post–Conviction Relief on the basis of ineffective assistance of counsel, and the circuit court granted the petition. Thereafter, Brown entered a plea of no contest to the criminal charges and was sentenced to eight years imprisonment.[1]

---

1. While Brown asserts in his complaint he pled no contest to the same criminal charges, in argument before the trial judge counsel stated he was offered "a lesser charge with lesser time." Because his plea was

Brown brought a malpractice action against Theos and Howe alleging, but for their grossly negligent representation of him, he would not have been convicted through his plea of no contest. Against Theos, Howe and Gibbs, Brown alleged the respondents failed to raise meritorious issues on appeal. He asserted, but for their gross negligence, his convictions would have been reversed on appeal and he would not have entered a no contest plea to the charges. He further asserted a cause of action against Theos for outrage, alleging Theos' actions were intentional and racially motivated.

Respondent Gibbs filed a motion to dismiss for failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP. At a hearing on the matter, Gibbs asserted there was no causal relationship between Brown's ineffective assistance of counsel claim from his original trial and his incarceration resulting from his plea of no contest. The trial judge agreed, finding Brown's unappealed no contest plea broke any chain of causation between the alleged malpractice and Brown's ultimate conviction on the charges to which he pled. He therefore ordered Brown's complaint against Gibbs be dismissed with prejudice for failure to state a claim upon which relief could be granted.

Respondents Theos and Howe also filed a motion to dismiss for failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP. Thereafter, Brown filed a motion to reconsider the dismissal of his action against Gibbs, as well as an objection to Theos and Howe's motion to dismiss. At a hearing on these motions, Brown argued the trial judge improperly ruled on a Rule 56 motion for summary judgment in dismissing his complaint against Gibbs, because he was never properly noticed with a Rule 56 motion. He further asserted there was a distinction between a guilty plea and a plea of no contest, and that his no contest plea could not be used against him in a civil proceeding. Gibbs argued Brown's no contest plea was the equivalent of an adjudication of guilt and the fact that he pled no contest instead of guilty did not remove the bar to his claim. He asserted Brown's subsequent plea and incarceration broke any chain of causa-

not included in the record, it is impossible to discern what Brown's plea encompassed.

tion from the alleged negligence. The trial judge correctly noted only a Rule 12(b)(6) motion to dismiss was before him, not a motion for summary judgment under Rule 56. He denied Brown's motion for reconsideration and granted Theos and Howe's motion to dismiss.

## LAW/ANALYSIS

On appeal, Brown first contends the trial judge erred in ruling he did not plead facts sufficient to support a cause of action against the attorneys. He argues his original conviction was reversed by the Post–Conviction Relief Court and thereafter he entered a plea of no contest. He therefore asserts his allegation in his complaint, that but for counsels' grossly negligent representation he would not have been convicted through a plea of no contest, is sufficient to survive a motion to dismiss.[2] He further asserts the trial judge erred in ruling he admitted guilt through his no contest plea and finding a resulting break in causation. We disagree.

It is well settled that the ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint. *Stiles v. Onorato*, 318 S.C. 297, 457 S.E.2d 601 (1995). "Viewing the evidence in favor of the plaintiff, the motion must be granted if facts .

---

2. Brown states in a one sentence paragraph that he had raised an action for "intentionally negligent and malicious conduct" against Theos which clearly raised an issue for the trial court that was not appropriate for dismissal under Rule 12(b). First, we note Brown's argument is so conclusory that it may be deemed abandoned. *See Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 519 S.E.2d 583 (Ct.App.1999) (issue is deemed abandoned on appeal and, therefore, not presented for review, if it is argued in a short, conclusory statement without supporting authority). Nonetheless, were we to address the issue, we would find it to have no merit as Brown has failed to adequately allege the essential elements of an action for outrage. *See Upchurch v. New York Times Co.*, 314 S.C. 531, 431 S.E.2d 558 (1993) (in order to recover for the intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it).

alleged in the complaint and inferences reasonably deducible therefrom do not entitle the plaintiff to relief on any theory of the case." *Jarrell v. Petoseed Co., Inc.*, 331 S.C. 207, 209, 500 S.E.2d 793, 794 (Ct.App.1998). The motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case. *Stiles, supra.*

Generally, in a legal malpractice action, a plaintiff must prove (1) the defendant-attorney was negligent, (2) the defendant's negligence proximately caused plaintiff's injuries, and (3) damages. *Summer v. Carpenter*, 328 S.C. 36, 492 S.E.2d 55 (1997). The traditional legal malpractice action is one involving an attorney's representation of a client in a civil matter. In this type of action, the client's innocence is not considered an element of the cause of action. However, the situation is different when the client complains about a criminal conviction. *See* 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 25.3, at 234 (4th ed.1996). Today, the various jurisdictions have generally accepted the principle that criminal guilt or innocence is relevant to pleading and proving a legal malpractice cause of action evolving from a criminal matter. *Id.* at 235. There are two considerations for the court as to the relevance of the plaintiff's guilt or innocence. First, the court may consider whether the client who has received a criminal conviction must first obtain post-conviction relief before bringing the malpractice action. Second, the court may consider whether such client needs to prove innocence of the crime as an element to the cause of action. If the doctrine of collateral estoppel applies, a judgment of conviction precludes establishing innocence. Most courts impose both requirements. *Id.* at 235–236.

Turning to the question of proximate cause, it is clear Brown must be able to establish that the attorneys' negligence was the proximate cause for his subsequent conviction. In *Fleming v. Gardner*, 658 A.2d 1074 (Me.1995), the Supreme Judicial Court of Maine addressed a similar issue where the plaintiff claimed his former attorneys negligently caused his incarceration. There, Fleming withdrew his not guilty pleas and entered guilty pleas while being represented by the Gardners. The Gardners were later relieved of counsel and Fleming subsequently retracted his guilty pleas. Thereafter,

while being represented by other counsel, Fleming's pleas of guilty to all the pending criminal charges against him were accepted and judgments of conviction were entered against him. The court noted Fleming had the burden of establishing the Gardners' negligent representation of him proximately caused his present incarceration. Because Fleming claimed no error in the lower court's acceptance of his second plea of guilty to the charged offenses, Fleming could not show his incarceration and the resulting damages were proximately caused by the alleged negligent representation. Thus, the court determined summary judgment should have been granted to the Gardners.

Likewise, in the case of *Gomez v. Peters*, 221 Ga.App. 57, 470 S.E.2d 692 (1996), the Georgia Court of Appeals addressed the issue of whether summary judgment was properly granted in Gomez's legal malpractice claim against Peters. In that case, Gomez was convicted on one count of child molestation and was subsequently granted a new trial. Having spent nine months in jail awaiting his new trial, Gomez entered a guilty plea to a simple battery charge based on the same conduct and was sentenced to one year and released on time served. The court held, in order to establish legal malpractice, a plaintiff must show he would have prevailed in the underlying litigation had the defendant not been negligent and, where the underlying action is a criminal trial, the plaintiff is precluded from doing this if he has pled guilty. Because Gomez' damages were the result of his acknowledged guilt, he was unable to show any damage proximately caused by any alleged negligence by Peters. The court then stated as follows:

> In other words, a client who has acknowledged his guilt cannot assert that his attorney's poor performance caused his incarceration. Moreover, this is true even in a situation like this one where the plaintiff pled guilty to a lesser included offense, as long as his "damage" (i.e., the time he already served on the initial conviction) is no greater than what he would have had to sustain for the offense to which he pled anyway.

221 Ga.App. at 60, 470 S.E.2d at 695 (citations omitted).

Brown contends, however, that he did not plead guilty to the drug offenses, but instead entered a plea of no contest. He

contends that there is a distinction between a guilty and a no contest plea such that his no contest plea can not be held against him in this situation. We disagree.

It is true our courts have recognized that there are collateral benefits to a plea of no contest and such a plea cannot be used as an admission against a defendant in civil litigation. *Kibler v. State*, 267 S.C. 250, 227 S.E.2d 199 (1976). "A plea of Nolo contendere literally interpreted means 'I do not wish to contend.' For all practical purposes *it is a plea of guilty in so far as the consequences in the particular case in which it is pled.*" *Id.* at 254, 227 S.E.2d at 201 (emphasis added). The question in this instance, however, is whether the alleged negligence of the attorneys proximately caused the plaintiff's damages. If the plaintiff's plea was in fact the cause of plaintiff's incarceration and resulting damages, he cannot assert it was the malpractice of his former attorneys in his initial conviction which caused his damages. Thus, Brown's plea of no contest was, for all practical purposes, a plea of guilty in the criminal matter against him, and the plea clearly was the cause of his incarceration. Further, because the time Brown actually served was no greater than the time for which he was sentenced under his plea, he has suffered no damage as a result of his attorneys' alleged negligent representation.[3]

Finally, Brown contends the trial judge erred in summarily dismissing his action without converting the motion to one for summary judgment under Rule 56 because the issues were novel and a case of first impression. First, appellant never raised this issue below. Rather, he argued the trial judge had improperly converted the motion to one for summary judgment. Therefore, this issue is not properly preserved for appeal. *See State v. Nichols*, 325 S.C. 111, 481

---

**3.** We note Brown states in his brief he "pleaded prejudice where he was required to retain further counsel to represent him in the PCR action which resulted the more favorable result." This argument, which was not raised to or addressed by the trial judge, was stated only in conclusory fashion in Brown's brief, and cited to no authority. *See Muir v. C.R. Bard, Inc.*, 336 S.C. 266, 519 S.E.2d 583 (Ct.App.1999) (issue is deemed abandoned on appeal and, therefore, not presented for review, if it is argued in a short, conclusory statement without supporting authority); *State v. Nichols*, 325 S.C. 111, 481 S.E.2d 118 (1997) (issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review).

S.E.2d 118 (1997) (issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review). Further, while our courts have held important questions of novel impression generally should not be decided on demurrer, this is not always true. Where the dispute is not as to the underlying facts but as to interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a 12(b)(6) motion. *Byrd v. Irmo High School,* 321 S.C. 426, 468 S.E.2d 861 (1996).

For the foregoing reasons, the order below is

**AFFIRMED.**

CURETON and HOWARD, JJ., concur.