550 S.E.2d 304

Curtis BROWN, Petitioner,

v.

Jerry N. THEOS, Arthur G. Howe, and Coming
B. Gibbs, Jr., Respondents.

No. 25321.

Supreme Court of South Carolina.

Heard May 9, 2001.

Decided July 23, 2001.

Rehearing Denied Aug. 22, 2001.

Harry L. Devoe, Jr., of New Zion, for petitioner.

Allan R. Holmes, of Gibbs & Holmes, of Charleston, for respondent Coming B. Gibbs, Jr.

James E. Reeves and Andrea H. Brisbin, of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for respondents Jerry N. Theos and Arthur G. Howe.

TOAL, Chief Justice:

This Court granted Curtis Brown's ("Brown") request for certiorari to review the Court of Appeals' decision in *Brown v. Theos*, 338 S.C. 305, 526 S.E.2d 232 (Ct.App.1999).

## FACTUAL/ PROCEDURAL BACKGROUND

In 1993, Brown was indicted for trafficking in cocaine and three counts of distribution of cocaine. A jury convicted Brown in December 1993, and Brown was sentenced to confinement for a period of twenty-five years and fined $50,000.00 for trafficking in cocaine, and fifteen years and fined $25,000.00 for distribution of cocaine. At trial, Brown was represented by Jerry N. Theos ("Theos") and Arthur G. Howe ("Howe"). Theos, Howe, and Coming B. Gibbs ("Gibbs") (hereinafter collectively referred to as "Attorneys") represented Brown on direct appeal. Brown's convictions and sentences were affirmed by this Court on direct appeal. *State v. Brown*, Op. No. 95–MO–200 (S.C. Sup.Ct. filed May 19, 1995). Brown then filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of counsel. After a hearing, the trial court found counsel ineffective, and granted Brown a new trial. Thereafter, Brown entered a plea of no contest to one count of trafficking cocaine and three counts of distribution of cocaine. He was sentenced to eight years confinement.

After entering the no contest plea, Brown brought a legal malpractice action against Theos and Howe alleging that but for their grossly negligent representation, he would have fared better at trial and would not have been convicted through a plea of no contest or otherwise. Against all Attorneys, Brown alleged but for their grossly negligent representation in his direct appeal, his convictions would have been reversed, and

he would not have entered a no contest plea to the charges or otherwise been convicted. The trial judge granted the Attorneys' motions to dismiss pursuant to Rule 12(b)(6), SCRCP, despite Brown's assertion his no contest plea could not be used against him in a subsequent civil proceeding. The Court of Appeals affirmed.

This Court granted Brown's petition for certiorari with respect to Question II only. The issues now before this Court are as follows:

I. In an action for legal malpractice, did the Court of Appeals err in holding Brown's *nolo contendere* plea broke the chain of causation and that Brown is not entitled to relief based on any theory of the case following such a plea?

II. Should this Court overrule *In re Anderson*, 255 S.C. 56, 177 S.E.2d 130 (1970)?

## LAW/ ANALYSIS

Brown argues the Court of Appeals erred in holding he had no cause of action for legal malpractice because his no contest plea broke the chain of causation, and the plea, not his Attorney's negligence, was the cause of Brown's incarceration.

■■■ In order to prevail in this action for legal malpractice, Brown must prove: (1) Attorneys' were negligent; (2) Attorneys' negligence proximately caused his injuries; and (3) damages. *Summer v. Carpenter*, 328 S.C. 36, 492 S.E.2d 55 (1997). Brown must show he "most probably would have been successful" in the action if Attorneys had not committed the alleged malpractice.*Summer, supra; Manning v. Quinn*, 294 S.C. 383, 365 S.E.2d 24 (1988). Attorneys will not be liable where, notwithstanding the attorney's negligence, the client had no meritorious defense to the suit in the first place. *Floyd v. Kosko*, 285 S.C. 390, 329 S.E.2d 459 (Ct.App.1985).

This Court has not addressed the proximate cause question in a criminal case. For several reasons, we find Brown has no cause of action for legal malpractice.

■■■ The trial court's order and the Court of Appeals' opinion correctly notes that in an action for legal malpractice based on conviction of a crime the general standard is the plaintiff must show innocence of the crime in order to estab-

lish liability. *See* 3 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice,* § 25.3 (4th ed.1996). Brown has not alleged he is innocent or even that he would have been acquitted if his Attorneys' had not committed the alleged malpractice. Brown's complaints do not allege facts that purport to show he is innocent of all the criminal charges filed against him. Therefore, Brown's failure to plead innocence is fatal to his cause of action.

"A plea of *nolo contendre* literally interpreted means 'I do not wish to contend.' For all practical purposes it is a plea of guilty in so far as the consequences in the particular case in which it is pled." *Kibler v. State,* 267 S.C. 250, 254, 227 S.E.2d 199, 201 (1976). South Carolina courts have recognized there are collateral benefits to a plea of no contest and such a plea cannot be used as an admission of guilt against a defendant in civil litigation. *Kibler, supra; In re Anderson, supra* (a no contest plea may not be used as substantive evidence of guilt in a subsequent civil proceeding). However, a no contest plea may be used as a record of conviction for impeachment purposes in a subsequent proceeding. *State v. Lynn,* 277 S.C. 222, 284 S.E.2d 786 (1981) (recognizing a no contest plea is equivalent to a conviction and has many similarities to a plea of guilty).

In the context of a legal malpractice case, we find a claimant's plea of no contest to the same charges (or charges arising from the same conduct) should operate as a bar to a legal malpractice action against the attorney who originally represented the claimant.[1] Brown's no contest plea, not his Attorneys' negligence, caused his incarceration. Because a no contest plea is a conviction, and, for all practical purposes, it is a guilty plea so far as the consequences are concerned, we find public policy is not offended by forbidding a client from

---

1. Some Federal courts have held that a plea of nolo contendere in a state criminal action may have collateral estoppel effect in a later federal civil action brought by the criminal defendant because the defendant in the criminal action had a reasonable and fair opportunity to litigate the criminal charges, and because the nolo plea constituted an admission of the truth of the facts underlying the criminal charge. 47 Am.Jur.2d. *Judgments* § 735 (1996); *Walker v. Schaeffer,* 854 F.2d 138 (6th Cir.1988) (finding an exception to FRE 410); *see also Delong v. State,* 956 P.2d 937 (Ok.Civ.App.1998)

bringing a legal malpractice action against his criminal attorney after the client has pled no contest to the charges.[2]

We find persuasive the reasoning behind cases in other jurisdictions. For example, in *Gomez v. Peters*, 221 Ga.App. 57, 470 S.E.2d 692 (1996), the client Gomez was convicted after a criminal trial in which attorney Peters represented him. Gomez then obtained new counsel and was granted a new trial after spending nine months in prison. Before the new trial, Gomez entered a guilty plea [3] for a lesser included offense, and was released on time served.[4] Gomez then filed a legal malpractice claim against Peters. The trial court dismissed

---

2. Rule 410, SCRE provides:
   Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
   (1) a plea of guilty which was later withdrawn;
   (2) a plea of nolo contendere; . . .
   Rule 410, SCRE.
   We find this rule of evidence does not contemplate the type of proceeding at issue in this case and is therefore inapplicable. Here, Brown is the plaintiff, not a defendant. He seeks to use his no contest plea offensively for his own benefit. This is not a case where a party attempts to use a no contest plea in a criminal matter to prove a defendant liable in a civil proceeding. Instead, Brown as a plaintiff is litigating whether his Attorneys' adequately advised him during his plea negotiations. Rule 410, SCRE was never intended to cover this type of case. Furthermore, federal courts have found Rule 410 of the Federal Rules of Evidence does not bar use of pleas against a defendant who becomes plaintiff with respect to events in plea. *See also Walker*, 854 F.2d at 143 ("We find a material difference between using the *nolo contendere* plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the *nolo contendere* plea to defend himself from future civil liability. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the [defendant] police.")

3. Entering a plea of no contest does operate as a conviction, as does a guilty plea. Furthermore, as the Court noted in *Lynn, supra*, a no contest plea is very similar to a guilty plea.

4. Brown was also released shortly after pleading no contest to the charges, since he was credited with the almost eight years he had already served.

the case on summary judgment. The Georgia Court of Appeals affirmed, stating:

Gomez's damages were the result of his acknowledged guilt, and [therefore] he is unable to show any damage proximately caused by any alleged negligence of Peters.

In other words, a client who has acknowledged guilt cannot assert that his attorney's poor performance caused his incarceration.... [T]his is true even in a situation like this one where the plaintiff pled guilty to a lesser included offense, as long as his "damage" (i.e., the time he already served on the initial conviction) is no greater than what he would have had to sustain for the offense to which he pled anyway.

*Gomez*, 470 S.E.2d at 695.

The South Carolina Court of Appeals rejected Brown's argument below that there was a distinction between his no contest plea and a guilty plea in this instance. We agree with the Court of Appeals' statement, "Brown's plea of no contest was, for all practical purposes, a plea of guilty in the criminal matter against him, and the plea clearly was the cause of his incarceration."*Brown*, 338 S.C. at 312, 526 S.E.2d at 236.

In its opinion in the instant case, the Court of Appeals cited with favor *Fleming v. Gardner*, 658 A.2d 1074 (Me.1995). We also find the Maine court's reasoning persuasive. In *Fleming*, client Fleming entered a guilty plea to all pending criminal charges against him while represented by the Gardners. The Gardners were relieved as counsel, and Fleming withdrew his guilty pleas. While represented by new counsel, Fleming entered new guilty pleas to the pending charges. The pleas were accepted. Thereafter, Fleming attempted to sue the Gardners for malpractice, alleging their negligence was the cause of his incarceration. The Maine Court upheld the trial court's grant of summary judgement to the Gardners, finding Fleming failed to make a claim there was any error in the lower court's acceptance of his second guilt plea. The Maine Court found Fleming was represented by new counsel when he entered the second guilty plea, and therefore the Gardners' allegedly negligent actions had not led to his current incarceration.

Therefore, for the reasons discussed above, we find Brown has no cause of action for legal malpractice. To the extent *In re Anderson*, 255 S.C. 56, 177 S.E.2d 130 (1970) conflicts with our holding in this case, it is overruled.

## CONCLUSION

The decision of the Court of Appeals is **AFFIRMED.**

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.