**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clark D. Thomas, Appellant,

v.

Bolus & Bolus and Attorneys Keith Bolus, Officially, and Michael T. Bolus, Officially and Individually, Respondents.

Appellate Case No. 2011-194846

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2013-UP-034
Submitted November 1, 2012 – Filed January 16, 2013

**AFFIRMED**

Clark D. Thomas, pro se.

Michael Baxter McCall and David W. Overstreet, both of Carlock Copeland & Stair, LLP, of Charleston, for Respondent Keith Bolus; and Michael T. Bolus, of North Charleston, pro se.

**PER CURIAM:** Clark Thomas appeals the trial court's order granting Bolus's motion to dismiss and declining to address Thomas's motion to amend. We affirm pursuant to Rule 220(b), SCACR.

1. We find the trial court did not err in granting Bolus's motion to dismiss. Thomas failed to state a claim upon which relief may be granted because he did not plead he was innocent of the underlying criminal charges. *See Brown v. Theos*, 345 S.C. 626, 629-30, 550 S.E.2d 304, 306 (2001) (holding the trial court did not err in granting attorneys' motion to dismiss pursuant to Rule 12(b)(6), SCRCP, because the client's complaint did not allege he was innocent of the criminal charges filed against him). Thomas also argues he was not required to submit an expert affidavit pursuant to section 15-36-100 of the South Carolina Code (Supp. 2011) because the legal malpractice claim fell within the ambit of common knowledge. Alternatively, Thomas argues the trial court erred in striking the expert affidavit of William White. It is not necessary to address these issues because the trial court properly dismissed Thomas's complaint for failure to state a cause of action. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an appellate court need not address remaining issues when resolution of one issue is dispositive).

2. We find the trial court did not err in declining to consider Thomas's motion to amend his complaint because he did not file the motion ten days prior to the hearing. *See* Rule 6(d), SCRCP ("A written motion other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court."). Additionally, Thomas's proposed amended complaint failed to state a cause of action because he did not allege facts that show he is innocent of all criminal charges filed against him. *See Brown*, 345 S.C. at 630, 550 S.E.2d at 306 ("[The] complaints do not allege facts that purport to show he is innocent of all the criminal charges filed against him. Therefore, [the plaintiff's] failure to plead innocence is fatal to his cause of action."); *Sullivan v. Hawker Beechcraft Corp.*, 397 S.C. 143, 153-54, 723 S.E.2d 835, 841 (Ct. App. 2012) (holding the trial court properly denied the plaintiff's motion to amend his complaint because the plaintiff failed to cite any new factual allegations that would impact the issue).

3. We find Thomas failed to preserve his remaining arguments for review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have

been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.