712 S.E.2d 795

**Carroll Eugene HUMPHRIES, Plaintiff Below, Appellant**

v.

**Paul S. DETCH, Defendant Below, Appellee.**

No. 35649.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 9, 2011.

Decided June 22, 2011.

William C. Forbes, Esq., W. Jesse Forbes, Esq., Forbes Law Offices, PLLC, Charleston, WV, for Appellant.

Stephen R. Crislip, Esq., Ben M. McFarland, Esq., Jackson Kelly PLLC, Charleston, WV, for Appellee.

**WORKMAN, Chief Justice:**

This matter is before the Court upon an appeal taken by the Appellant Carroll Eugene Humphries from an Order entered December 18, 2009, by the Circuit Court of Putnam County, West Virginia, granting the Appellee Paul S. Detch's motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b)(6). The Appellant argues that the circuit court erred: 1) in dismissing the action by determining that the Appellant must establish the additional element of actual innocence in a legal malpractice action against a criminal defense attorney; 2) in dismissing the action by determining that the Appellant's own criminal conduct, not his defense attorney's alleged negligence, was the proximate cause of the Appellant's damages; 3) in dismissing the action by determining that the Appellant's nolo contendere plea barred the Appellant from establishing actual innocence; 4) in allowing a nolo contendere plea to affect the circuit court's decision in violation of West Virginia Rule of Evidence 410; 5) in dismissing the action under collateral estoppel when a plaintiff does not need to prove innocence in order to succeed in a legal malpractice action against a criminal defense attorney, or even if a plaintiff needs to present proof of such element, a nolo contendere plea in a criminal matter should not be the subject of collateral estoppel and prevent proof of innocence in a civil action; and 6) in reversing an earlier decision made in open court by a different circuit court

judge, who would have denied the Appellee's motion to dismiss.

Based upon the Court's review of the parties' briefs and argument, the record, and all other matters submitted before the Court, the decision of the circuit court is affirmed.

**I. Facts and Procedural History**

In 1999, the Appellant was convicted of being an accessory before the fact to first degree murder and conspiracy to commit murder in connection with the 1976 murder of Billy Ray Abshire. The Appellant was sentenced to one to five years in prison for the conspiracy to commit murder conviction and life in prison with a possibility of parole after ten years for the accessory before the fact to commit murder conviction.

The Appellant appealed his conviction to this Court, but his petition was refused on October 3, 2000. Thereafter, the Appellant, pro se, filed a petition for a writ of habeas corpus in the Circuit Court of Greenbrier County, West Virginia, which was summarily denied.[1] The Appellant then retained counsel, who filed an amended petition for writ of habeas corpus, which was again denied after an omnibus hearing was held by the circuit court. One of the several issues raised in the amended habeas corpus petition was ineffective assistance of counsel.

On March 28, 2001, the Appellant filed an appeal of his denial of his petition for writ of habeas corpus with the Supreme Court, claiming the circuit court had erred in denying him habeas corpus relief, because he suffered ineffective assistance of counsel in the underlying criminal case. This Court granted the Appellant's habeas petition. On April 23, 2007, this Court reversed the circuit court's decision and remanded the matter for a new criminal trial. *See State ex rel. Humphries v. McBride,* 220 W.Va. 362, 647 S.E.2d 798 (2007).

Upon remand, charges were again brought against the Appellant; however, rather than opting for a new trial, the Appellant voluntarily pleaded nolo contendere to the crime of accessory before the fact to murder in the

---

1. The matter was transferred to the Circuit Court of Putnam County, West Virginia, based upon a

motion filed by the Appellant.

**630**

second degree.[2] On July 23, 2007, when the circuit court accepted the plea, it advised the Appellant that by entering the plea agreement he would be incriminating himself as being an accessory before fact. Thus, the circuit court adjudged the Appellant guilty of the crime and sentenced him to an indeterminate term of five to eighteen years in prison. After receiving credit for time served for the 1999 conviction, which was eight years, seven days, the Appellant served an additional six months before he was released from prison in February of 2008.

On July 31, 2007, the Appellant instituted a legal malpractice action against the Appellee, which was predicated upon the reversal of his original conviction for ineffective assistance of counsel. In responding to the complaint filed against him, the Appellee filed an answer and a motion to dismiss pursuant to West Virginia Rule of Civil Procedure 12(b), claiming that the due to the Appellant's nolo contendere plea, the Appellant could not prove his actual innocence in order to prevail in his legal malpractice action. The motion was argued before Judge Eagloski on December 6, 2007. Judge Eagloski indicated from the bench that he would deny the Appellee's motion to dismiss; however, no order was entered.

Following that hearing, the Appellant took no steps to prosecute his action against the Appellee from December 6, 2007, until March 31, 2009. The inactivity in the case prompted Judge Stowers, who had replaced Judge Eagloski, to file a Notice of Intent to Dismiss the matter for failure to prosecute. The Appellant opposed the dismissal and the matter then was transferred to Judge Spaulding.

Judge Spaulding notified the parties that the matter would proceed, based upon the Appellant's opposition to dismissal. The circuit court further instructed the parties to

indicate whether any dispositive motions were pending or otherwise being sought. This prompted the Appellee to file a Renewed Memorandum in Support of Previously Filed Rule 12(b)(6) Motion to Dismiss. The renewed motion was filed on October 2, 2009, and a hearing was held on December 3, 2009. By Order dated December 18, 2009, the circuit court granted the Appellee's motion.[3]

## II. Standard of Review

■ This Court's review of a "circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, in part, *Hill v. Stowers,* 224 W.Va. 51, 680 S.E.2d 66 (2009) (quoting, in part, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995)).

## III. Discussion of Law

### A. Actual Innocence Element

The instant appeal centers upon the necessary elements of a legal malpractice claim against a criminal defense attorney and whether one of those elements should include the requirement that a plaintiff establish his actual innocence to the offense. The Appellant argues that the elements necessary to establish legal malpractice against a criminal defense attorney are no different than any other legal malpractice claim. The Appellant posits that this Court should not require a plaintiff to establish his actual innocence to the offense in a legal malpractice action against his criminal defense attorney as it would violate the State's public policy.[4] The Appellee, however, avers that the majority of jurisdictions require a plaintiff, who is asserting legal malpractice arising from the defense of a criminal action, to prove that he was actually innocent of both the crimes he

2. The crime of being an accessory before the fact to murder in the second degree was a lesser included offense to the crime for which the Appellant was originally convicted.

3. The Court finds no merit to the Appellant's argument, made without any supporting authority, that the circuit court abused its discretion and exceeded its legitimate powers of authority by reversing the earlier decision of Judge Eagloski.

4. Interestingly, in the instant case, while the Appellant argues against the Court's inclusion of the actual innocence requirement for the legal malpractice cause of action, the Appellant also argues that "[n]ot only does Mr. Humphries allege that he is innocent, he looks forward to proving his innocence at the trial in this case." In a pending motion to amend his complaint, the Appellant seeks to amend his original complaint to include an allegation of actual innocence.

was convicted and any lesser included offenses. Further, the Appellee asserts that public policy requires such proof to prevent a criminal from profiting from his own wrongdoing and to assure that only an innocent person wrongfully convicted due to inadequate representation has suffered a compensable injury. In ruling on this issue, the circuit court found that a criminal defendant "must be able to establish that he was actually innocent of the criminal conduct involved in the underlying matter[,]" opining that "[a] contrary holding would lead to absurd results and violate the public policy of the State for West Virginia."

■ The essential elements of a legal malpractice claim are set forth in syllabus point one of *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005): "Generally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." *Id.* at 685, 619 S.E.2d at 198, Syl. Pt. 1. This Court, however, has never addressed the issue of whether a plaintiff who brings a legal malpractice action against a criminal defense attorney must show actual innocence as an additional element of a legal malpractice action.

A review of other jurisdictions reveals that a majority of those jurisdictions that have considered the precise issue before the Court have adopted the additional "actual innocence" requirement. *See* Ronald E. Mallen and Jeffery M. Smith, 3 *Legal Malpractice* § 27.13 (2011 ed.); *see also* Note, A Defense Bar: The "Proof of Innocence" Requirement in Criminal Malpractice Claims, 5 Ohio St. J.Crim. 341 (2007) ("In most states, a civil plaintiff must prove her innocence of criminal wrongdoing in order to recover in a legal malpractice suit against her former criminal defense attorney."); *see Coscia v. McKenna & Cuneo*, 25 Cal.4th 1194, 108 Cal.Rptr.2d 471, 25 P.3d 670, 674 (2001) ("[P]ublic policy considerations require that only an innocent person wrongly convicted be deemed to have suffered a legally compensable harm[.]"); *Gomez v. Peters*, 221 Ga.App. 57, 470 S.E.2d

692, 695 (1996) ("[A] client who has acknowledged his guilt cannot assert that his attorney's poor performance caused his incarceration."); *Lamb v. Manweiler*, 129 Idaho 269, 923 P.2d 976, 979 (1996) ("Lamb does not dispute the proposition that in a legal malpractice action arising from representation of a defendant in a criminal proceeding, the person pursuing the claim must establish the additional element of actual innocence of the underlying criminal charges."); *Ray v. Stone*, 952 S.W.2d 220, 224 (Ky.Ct.App.1997) ("Before it can be demonstrated that the attorney's actions were the proximate cause of his damages, the plaintiff must establish his innocence. 'If a criminal defendant obtains post-conviction relief and proves by a preponderance of the evidence that he is innocent of the underlying offense, he has then satisfied this prerequisite and may be able to prove his attorney's malpractice was the proximate cause of his injuries.' ") (citation omitted); *Glenn v. Aiken*, 409 Mass. 699, 569 N.E.2d 783, 788 (1991) ("Thus, in order to justify a right to recover, a plaintiff asserting an error of the type Glenn asserts in this case [referring to criminal legal malpractice] must prove by a preponderance of the evidence, not only that the negligence of the attorney defendant caused him harm, but also that he is innocent of the crime charged."); *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368, 370 (2000) ("A convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime."); *Carmel v. Lunney*, 70 N.Y.2d 169, 518 N.Y.S.2d 605, 511 N.E.2d 1126, 1128 (1987) ("To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense ..., for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie."); *Mahoney v. Shaheen, Cappiello, Stein & Gordon, P.A.*, 143 N.H. 491, 727 A.2d 996, 998–999 (1999) ("Public policy, however, dictates an augmented standard in criminal malpractice actions. While such an action requires all the proof essential to a civil malpractice

claim, a criminal malpractice [5] action will fail if the claimant does not allege and prove, by a preponderance of the evidence, actual innocence.") (footnote added); *Ang v. Martin,* 154 Wash.2d 477, 114 P.3d 637, 642 (2005) ("Unless criminal malpractice plaintiffs can prove by a preponderance of the evidence their actual innocence of the charges, their own bad acts, not the alleged negligence of defense counsel, should be regarded as the cause in fact of their harm. Likewise, if criminal malpractice plaintiffs cannot prove their actual innocence under the civil standard, they will be unable to establish, in light of significant public policy considerations, that the alleged negligence of their defense counsel was the legal cause of their harm."); *Hicks v. Nunnery,* 253 Wis.2d 721, 643 N.W.2d 809, 823 (Wis.Ct.App.2002), *review denied,* 259 Wis.2d 101, 657 N.W.2d 706 (2003)("[P]ublic policy requires a plaintiff in Hicks's position to prove he is innocent of the charges of which he was convicted in order to prevail on a claim of legal malpractice[.]").[6]

In deciding the necessary elements of a legal malpractice action that is brought against a criminal defense attorney, the Supreme Judicial Court of Massachusetts found that a plaintiff " 'must prove by a preponderance of the evidence, not only that the negligence of the attorney defendant caused [the plaintiff's] harm, but also that [the plaintiff] is innocent of the crime charged.' " *Correia v. Fagan,* 452 Mass. 120, 891 N.E.2d 227, 233 (2008) (quoting *Glenn v. Aiken,* 409 Mass. 699, 569 N.E.2d 783, 788 (1991)). The Massachusetts court opined that

> [i]nnocence, in this context, refers to "actual innocence, [and] not simply legal innocence." *Ang v. Martin, supra* at 484, 114 P.3d 637. "[B]ecause of the heavy burden of proof in a criminal case, an acquittal

doesn't mean that the defendant did not commit the crime for which he [or she] was tried; all it means is that the government was not able to prove beyond a reasonable doubt that [the defendant] committed it." *Levine v. Kling, supra.* Consequently, in criminal malpractice cases, an acquittal alone will not "suffice as proof of innocence." *Moore v. Owens,* 298 Ill.App.3d 672, 675, 232 Ill.Dec. 616, 698 N.E.2d 707 (1998). Instead, the plaintiff has the greater "burden of proving [by a preponderance of the evidence] that he [or she] was innocent of the [crimes] charged in the underlying criminal proceeding." *Glenn v. Aiken, supra* at 704, 569 N.E.2d 783. We are in the majority of States that require proof of actual innocence. *See Wiley v. County of San Diego, supra* [19 Cal.4th 532] at 536, 79 Cal.Rptr.2d 672, 966 P.2d 983 [(Cal.1998)] ("clear majority of courts that have considered the question also require proof of actual innocence").

*Correia,* 891 N.E.2d 227 at 233–34.

The most common reasoning relied upon by courts in adopting the actual innocence rule is that it would violate public policy to allow a person to profit from participating in an illegal act. *Wiley,* 79 Cal.Rptr.2d 672, 966 P.2d at 986. Further, the Unites States Court of Appeals for the Seventh Circuit in *Levine v. Kling,* 123 F.3d 580 (7th Cir.1997), when asked to predict how the Illinois Supreme Court would rule on the issue, reasoned that Illinois would require proof of actual innocence, stating that

> [c]riminal law entitles a criminal defendant to competent counsel, but the consequence if counsel is incompetent and conviction results is a new trial, not an acquittal. *E.g., Holman v. Page,* 95 F.3d 481, 492 (7th Cir.1996). If the defendant

---

**5.** The term "criminal malpractice" has been widely used in reference to " ' "legal malpractice in the course of defending a client accused of a crime." ' " *Correia v. Fagan,* 452 Mass. 120, 891 N.E.2d 227, 232 n. 12 (2008) (quoting *Ang v. Martin,* 154 Wash.2d 477, 114 P.3d 637, 640 n. 1 (2005) (quoting Kaus & Mallen, *The Misguiding Hand of Counsel–Reflections on "Criminal Malpractice,"* 21 UCLA L.Rev. 1191 n. 2 (1974))).

**6.** The Court recognizes that a minority of jurisdictions do not require actual innocence as an

element of a criminal malpractice claim. *See e.g. Rantz v. Kaufman,* 109 P.3d 132, 134–35 (Colo. 2005) (refusing to require a showing "actual innocence" or "post-conviction relief," stating the requirement in Colorado that "the client must prove the 'case within a case,' meaning he or she must show that "the claim underlying the malpractice action should have been successful if the attorney had acted in accordance with his or her duties," was sufficient).

is guilty in law, eventually he will probably be convicted even if competently represented-and he should be. To award the defendant eventually justly convicted and imprisoned substantial money (here $3.5 million is sought) for the loss of his liberty, or for that matter any money, is to give him relief to which criminal law, and the federal constitutional right to counsel, does not entitle him.

*Levine*, 123 F.3d at 582. Another rationale for adopting the actual innocence element is that it protects against the impermissible shift of responsibility for the crime from the convicted person to his defense attorney. *Wiley*, 79 Cal.Rptr.2d 672, 966 P.2d at 986. As the Supreme Court of California opined, " 'if plaintiffs engaged in the criminal conduct they are accused of, then they alone should bear full responsibility for the consequences of their acts, including imprisonment. Any subsequent negligent conduct by a plaintiff's attorney is superseded by the greater culpability of the plaintiff's criminal conduct." *Id.* (quoting *Shaw v. State ex rel Dept. of Admin.*, 861 P.2d 566, 572 (Alaska 1993)).

 Following the majority of jurisdictions that have previously decided this issue and relying upon the reasoning of those jurisdictions as discussed above, the Court holds that to state a cause of action for legal malpractice arising from the negligent representation of a defendant in a criminal proceeding, a plaintiff must establish by a preponderance of the evidence that he is actually innocent of the underlying criminal offense for which he was originally convicted and/or any lesser included offenses involving the

same conduct by a preponderance of the evidence. Consequently, there is no cause of action as long as the determination of the plaintiff's guilt of that offense remains undisturbed.[7] Thus, the circuit court did not err in its determination that the legal malpractice claim pursued by the Appellant included an element of actual innocence of the underlying crimes for which the Appellant was convicted, including any lesser included offenses involving the same conduct.[8]

### B. Nolo Contendere Plea

The next issue is what impact, if any, the Appellant's nolo contendere plea has on his legal malpractice action. The circuit court found that

> the plaintiff's nolo contendere plea bars him from establishing that [Mr.] Detch's alleged negligence proximately caused his imprisonment, and as such, plaintiff's complaint fails on it's [sic] face. The plaintiff's incarceration was not proximately caused by the actions of the defendant Detch, however inadequate. The plaintiff's incarceration was proximately caused by his conviction of the felony offense of being an accessory before the fact to murder in the second degree.

The Appellant maintains the circuit court incorrectly found that the nolo contendere plea establishes that the Appellant's own conduct was the proximate cause of his injuries. Further, the Appellant argues that a nolo contendere plea is not an admission of guilt and pursuant to West Virginia Rule of Evidence 410 is not admissible in any civil action against the person who made the plea. In contrast, the Appellee asserts that a nolo

---

7. The Court notes that a defense attorney appointed to represent a criminal defendant in a federal prosecution has absolute immunity from purely state law claims of legal malpractice that arise out of the attorney representation in the underlying criminal proceeding. Syl. Pt. 4, *Mooney v. Frazier*, 225 W.Va. 358, 693 S.E.2d 333 (2010). Likewise, West Virginia Code § 29–21–20 (1989), provides that a defense attorney appointed by a State circuit court or this Court is "immune from liability arising from that representation in the same manner and to the same extent that prosecuting attorneys are immune from liability." *Mooney*, 225 W.Va. at 363, 693 S.E.2d at 338 (quoting W. Va.Code § 29–21–20).

8. Many states also require a " 'postconviction exoneration [as] a prerequisite to prevailing on a

[criminal] malpractice claim.' " *Correia*, 891 N.E.2d at 234 n. 15 (quoting *Coscia*, 108 Cal. Rptr.2d 471, 25 P.3d at 671). Thus, in these jurisdictions a plaintiff, in addition to proving actual innocence, must also establish that he or she sought and was granted post-conviction relief as an element of the cause of action. Devin Bennardo, Note, *A Defense Bar: The "Proof of Innocence" Requirement in Criminal Malpractice Claims*, 5 Ohio St. J.Crim. L. 341, 344 (2007). The issue of whether post-conviction exoneration must be granted as a prerequisite to prevailing in this type of legal malpractice action was not raised in the instant case as it is undisputed that the Appellant was granted a new trial due to ineffective assistance of counsel.

contendere plea is equivalent to a guilty plea and pursuant to the Court's decision in *State v. Evans*, 203 W.Va. 446, 508 S.E.2d 606 (1998), the conviction that resulted from the plea is admissible in this action and such admission does not violate West Virginia Rule of Evidence 410. The basis for this assertion is that the consequences of the nolo contendere plea are equivalent to that of a guilty plea. Consequently, his nolo contendere plea establishes his conviction, "and

pursuant to the actual innocence rule, he cannot profit from his conviction under the plea." Further, the Appellee maintains that other courts have found that a nolo contendere or guilty plea is a bar to a plaintiff's recovery of damages in a legal malpractice action. *See Brown v. Theos*, 345 S.C. 626, 550 S.E.2d 304 (2001).[9]

 Although the circuit court relied on the South Carolina court's decision in *Brown*

9. In *Brown*, the plaintiff's original conviction for drug trafficking and drug distribution was overturned when the plaintiff was granted a new trial as post-conviction relief for ineffective assistance of counsel. 550 S.E.2d at 305. Instead of going through a new trial, the plaintiff entered a nolo contendere plea to one count of drug trafficking and three counts of distribution. *Id.* The plaintiff then filed a legal malpractice claim against his defense attorneys in the underlying criminal proceedings. *Id.* The precise issue before the South Carolina court was whether the court of appeals erred in deciding that the plaintiff had no cause of action for legal malpractice because his no contest plea broke the chain of causation. 550 S.E.2d at 306. Thus, the plea, and not his attorneys' negligence, was the cause of Mr. Brown's incarceration. *Id.*

The South Carolina court affirmed the decision of the intermediate appellate court, first noting that in a legal malpractice action arising out of a conviction of a crime, "the general standard is the plaintiff must show innocence of the crime in order to establish liability." *Id.* The court determined that Mr. Brown had not alleged he was innocent of the crime and that "failure to plead innocence [was] fatal to his cause of action." *Id.*

Then, the *Brown* court examined the impact of the plaintiff's nolo contendere plea. The South Carolina court reasoned:

In the context of a legal malpractice case, we find a claimant's plea of no contest to the same charges (or charges arising from the same conduct) should operate as a bar to a legal malpractice action against the attorney who originally represented the claimant. Brown's no contest plea, not his Attorneys' negligence, caused his incarceration. Because a no contest plea is a conviction, and, for all practical purposes, it is a guilty plea so far as the consequences are concerned, we find public policy is not offended by forbidding a client from bringing a legal malpractice action against his criminal attorney after the client has pled no contest to the charges.

*Id.* at 306–07 (footnotes omitted).

Additionally, the South Carolina court in *Brown* also examined the use of the nolo contendere plea under the South Carolina Rule of Evidence 410, which is similar to that of West Virginia. *Brown*, 550 S.E.2d at 306. The *Brown* court reasoned as follows in deciding that the plea was admissible:

We find this rule of evidence does not contemplate the type of proceeding at issue in this case and is therefore inapplicable. Here, Brown is the plaintiff, not a defendant. He seeks to use his no contest plea offensively for his own benefit. This is not a case where a party attempts to use a no contest plea in a criminal matter to prove a defendant liable in a civil proceeding. Instead, Brown as a plaintiff is litigating whether his Attorneys' [sic] adequately advised him during his plea negotiations. Rule 410, SCRE was never intended to cover this type of case. Furthermore, federal courts have found Rule 410 of the Federal Rules of Evidence does not bar use of pleas against a defendant who becomes plaintiff with respect to events in plea. *See also Walker [v. Schaeffer]*, 854 F.2d [138] at 143 [ (6th Cir. 1988) ] ("We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil liability. We decline to interpret the rule so as to allow the former defendants to use the plea offensively, in order to obtain damages, after having admitted facts which would indicate no civil liability on the part of the [defendant] police.").

*Brown*, 550 S.E.2d at 307 n. 2.

The South Carolina court then rejected Mr. Brown's argument that there was a distinction between his no contest plea and a guilty plea, thus determining that the no contest plea was admissible as evidence in defense of Mr. Brown's action. *Id.*; *Levin v. State Farm Fire & Cas. Co.*, 735 F.Supp. 236 (E.D.Mich.1990) (following the Sixth Circuit's interpretation of Federal Rule of Evidence 410 and holding that the defendant insurer was not precluded from introducing evidence of plaintiff's nolo contendere plea to arson in the civil action brought against insurer for compensation for fire damage to the plaintiff's home); *see also Delong v. State ex rel. Ok. Dept. of Pub. Safety*, 956 P.2d 937 (Ok.Civ.App.1998) (finding that the plaintiff's pleas of nolo contendere to charges arising out of an allegedly unlawful arrest were admissible defensively to establish

as support for its decision finding that the Appellant's nolo contendere plea was admissible, existing law in West Virginia also supports the trial court's decision.[10] West Virginia Rule of Evidence 410 provides that nolo contendere pleas are not admissible "in any civil or criminal proceeding, ... against the defendant who made the plea...." *Id.; see* W. Va. R.Crim. P. 11(e)(6) ("Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against a defendant who made the plea or was a participant in the plea discussions: ... (B) A plea of nolo contendere...."). The Court finds no reason to deviate from this basic evidentiary principle as the Court has never interpreted West Virginia Rule of Evidence 410 to allow the introduction of a nolo contendere plea when such evidence is being used defensively and not offensively as was the case in *Brown*.

■ However, in West Virginia once the nolo contendere plea is entered by a defendant, the consequences from that plea "[a]s a practical matter ... [are] essentially the same as a guilty plea...." 1 Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers*, at § 4-10(C)(2) (4th ed.2000). As our case law indicates, "[t]he benefits of a *nolo contendere* plea have been greatly diminished in West Virginia." 1 Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure at p. I-788 (2010 Cumm. Supp)*. Justice Cleckley has recognized:

> In fact, the court in *Leach*[11] suggested that even convictions based on *nolo contendere* pleas would estop a party in a subsequent

civil case from denying the essential allegations of the criminal offense of which she was adjudged guilty. The court stated:

> As Professor Geoffrey C. Hazard, Jr. has written, "[t]he clearest case for such an estoppel is where a defendant pleads guilty to a substantial criminal charge and then seeks in civil litigation concerning the same transaction to assert that he did not commit the criminal act." *Id.*

■ Thus, there has been a clear recognition of the distinction between a nolo contendere plea and a conviction resulting from a nolo contendere plea for purposes of West Virginia Rule of Evidence 410. To that end, in *State v. Evans*, 203 W.Va. 446, 508 S.E.2d 606 (1998), this Court found that

> what is prohibited by the rules of evidence and criminal rules of procedure is use of the fact of the plea of nolo contendere in subsequent civil or criminal proceedings to prove that the defendant committed the offense to which he entered the plea. *See Israel, supra*, at 801. The rules, however, do not proscribe the use of a conviction premised on such a nolo plea. The distinction between the prohibited use of the plea versus the permissible use of the conviction is critical. As recognized by the Fifth Circuit in *United States v. Williams*, 642 F.2d 136 (5th Cir.1981), "[o]nce convicted, whether as a result of a plea of guilty, *nolo contendere*, or ... [trial], convictions stand on the same footing...." *Id.* at 139.

*Evans*, 203 W.Va. at 450, 508 S.E.2d at 610; *Handbook on Evidence for West Virginia Lawyers, supra.* at § 4-10(C)(2)("[T]his rule

---

validity of charges and probable cause for the arrest).

**10.** Even though the Court does not necessarily adopt the rationale relied upon by the circuit court regarding the admissibility of the nolo contendere plea and the use of such plea being allowed under West Virginia Rule of Evidence 410 in a defensive manner, the Court, nonetheless, affirms the circuit court's decision. The Court has consistently held that, on appeal, it may "[a]ffirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140

S.E.2d 466 (1965); *see also Cumberland Chevrolet Oldsmobile Cadillac, Inc. v. Gen. Motors Corp.*, 187 W.Va. 535, 538, 420 S.E.2d 295, 298 n. 4 (1992) (stating that "even if the reasoning of a trial court is in error ... we are not bound by a trial court's erroneous reasoning"); *State ex rel. Dandy v. Thompson*, 148 W.Va. 263, 274, 134 S.E.2d 730, 737, *cert. denied*, 379 U.S. 819, 85 S.Ct. 39, 13 L.Ed.2d 30 (1964) (stating in criminal context that "correctness of ... [trial court's] final action is the only material consideration, not the stated reasons for [the trial court's] taking such action").

**11.** *See State ex rel. Leach v. Schlaegel*, 191 W.Va. 538, 541, 447 S.E.2d 1, 4 (1994).

does not bar evidence of a conviction even though it is based on a *nolo* plea."); *Handbook on West Virginia Criminal Procedure*, *supra*. at p. I–788 ("It is also significant to note that the use of convictions based upon *nolo contendere* pleas does not violated Rule 410. It is the conviction not the nature of the plea that is being introduced that triggers the estoppel rule."). The Court, in *Evans*, ultimately held that "[a] conviction derived from a plea of nolo contendere may be used for purposes of this state's recidivist sentencing laws." *Evans*, 203 W.Va. at 447, 508 S.E.2d at 607, Syl. Pt. 1.

Other jurisdictions have similarly concluded that Rule of Evidence 410 does not apply to a conviction and sentence that arises from a nolo contendere plea. For instance, in *Olsen v. Correiro*, 189 F.3d 52 (1st Cir.1999), the United States Court of Appeals for the First Circuit ruled that Federal Rule of Evidence 410 did not bar the admission of a manslaughter conviction and sentence to prove that the plaintiff was incarcerated for murder. *Id.* at 62. In *Olsen*, the plaintiff brought a civil rights action against the city and police officers after his original conviction to life without parole for first degree murder was overturned. *Id.* at 55. In overturning the conviction, the court determined that the investigating police officers' failure to disclose an audiotape interview with the prosecution's chief witness necessitated a new trial. *Id.* The plaintiff, rather than going through another murder trial, pleaded nolo contendere to manslaughter and was convicted of that crime. *Id.* The prosecution recommended a sentence of time served [12] and the trial court followed that recommendation, suspending the balance of the ten to fifteen year manslaughter sentence and placing the plaintiff on probation for five years. *Id.*

In his civil action, the plaintiff received $1.5 million in compensatory damages for this imprisonment on the first degree murder conviction. *Id.* The jury award, however, was overturned by district court and a new trial on damages was ordered. *Id.* At the second civil trial, evidence of injury from the plaintiff's incarceration for first degree murder was excluded, but evidence of other damages associated with his murder trial and conviction was allowed. *Id.* The second jury awarded $6000 in damages and the plaintiff appealed, seeking reinstatement of the first jury's damage award. *Id.*

In affirming the district court's decision ordering the second trial, the appellate court relied on grounds not relied upon by the district court. *Id.* Specifically, the United States Court of Appeals for the First Circuit examined the issues of whether the evidence of the manslaughter conviction and sentence that resulted by the plaintiff's nolo contendere plea should have been admitted in evidence and what effect that conviction and sentence for time served had on the plaintiff's right to recover damages for his imprisonment. *Id.*

Regarding the admissibility of the conviction and sentence resulting from the plaintiff's nolo contendere plea, the First Circuit determined that Federal Rule of Evidence 410 did not prohibit the admissibility of the conviction and sentence.[13] The court held that "Rule 410 ... does not bar the admission of Olsen's manslaughter sentence and conviction to prove that he was incarcerated for murder...." *Id.* at 62. The federal court, after recognizing that there were both federal and state courts that had accepted the evidentiary difference between a nolo contendere plea and nolo conviction,[14] reasoned that

---

12. The plaintiff had served five years when his conviction was overturned. 189 F.3d at 55.

13. The United States Court of Appeals for the First Circuit in *Olsen* declined to follow the analysis utilized by the United States Court of Appeals for the Sixth Circuit in *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir.1988). *Olsen*, 189 F.3d at 62 n. 12.

14. *See Myers v. Sec'y of Health and Human Servs.*, 893 F.2d 840, 843 (6th Cir.1990)(uphold-

ing the admissibility of a nolo contendere conviction under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11, stating that "[t]hese two rules do not preclude use of a nolo contendere conviction in an administrative proceeding. First, the rules prohibit use of "a plea of nolo contendere," not a conviction pursuant to a nolo plea...."); *United States v. Williams*, 642 F.2d 136, 138–40 (5th Cir.1981) (upholding admissibility of the defendant's prior state bribery conviction based on plea of nolo

**637**

[i]ntroduction of the manslaughter sentence and conviction in this case was not sought to prove that Olsen actually committed manslaughter, or to suggest that he was actually guilty of a criminal act. Instead, the sentence was primarily offered to counter Olsen's claim for incarceration-based damages by showing that he was incarcerated for something other than the murder conviction. In the context, the reason for the punishment, the existence of underlying culpability, is irrelevant. It is the existence of the punishment ... that matters.

*Id.* at 61–62 (footnote omitted).

■ As previously mentioned by the Court in *Evans*, in addition to other jurisdictions that have addressed the issue,[15] neither West Virginia Rule of Evidence 410, nor West Virginia Rule of Criminal Procedure 11(e)(6), prohibits the admission into evidence of a conviction and sentencing resulting from a nolo contendere plea. Therefore, the Court holds that when a plaintiff brings a legal malpractice action against his criminal

defense attorney arising out of the plaintiff's conviction in which the plaintiff subsequently was awarded a new criminal trial and the plaintiff thereafter pleads nolo contendere rather than being retried, West Virginia Rule of Evidence 410 does not prohibit the conviction and sentence that results from the nolo contendere plea from being admitted as evidence in the legal malpractice action to prove that the plaintiff was convicted of the crime that was the subject of the nolo contendere plea.

In the instant matter, the Court granted the Appellant a new trial in a habeas proceeding. Rather than being retried, the Appellant pleaded nolo contendere that resulted in the Appellant being convicted of being an accessory before the fact to murder in the second degree. This conviction resulted in a sentence of five to eighteen years, but the Appellant received credit for time served for his 1999 conviction. Notwithstanding the receipt of credit for time served, the Appellant still had to spend more time in prison for his conviction pursuant to his nolo contendere plea than he had previously spent for his

---

contendere for impeachment purposes under Federal Rule of Evidence 609, stating that "[a] judgment entered on a plea of nolo contendere adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial[,]" and that "[o]nce convicted, whether as a result of a plea of guilty, nolo contendere, or of not guilty (followed by trial), convictions stand on the same footing, unless there be a specific statute creating a difference"); *United States v. Frederickson,* 601 F.2d 1358, 1365 n. 10 (8th Cir.1979), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979)(upholding admissibility of a conviction resulting from a nolo contendere plea under Federal Rule of Evidence 404, stating that "[w]e see no reason, for the purposes of admissibility under Fed.R.Evid. 404, to distinguish between a judgment of conviction based on a plea of *nolo contendere* and a judgment of conviction obtained in any other manner comporting with due process. It is well-settled that a plea of *nolo contendere* constitutes an admission of 'every essential element of the offense (that is) well pleaded in the charge.'); *Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940 (1961)); *United States v. Lair,* 195 F. 47, 52 (8th Cir. 1912)"); *Lewis v. State,* 258 Ark. 242, 523 S.W.2d 920, 922 (1975)(upholding inquiry into nolo contendere conviction during cross-examination of defendant for impeachment purposes

and stating that "[t]he majority rule is that a conviction on a plea of nolo contendere may be inquired of in cross-examining a defendant in a subsequent trial. While a conviction of the defendant upon the plea of nolo contendere 'is not an admission of his guilt, so that the defendant is not estopped in a civil proceeding from denying the facts to which he pleaded nolo contendere, the fact of his conviction upon the plea may be shown in a later proceeding, and such a conviction subjects the defendant to all the consequences of a conviction in the same way as if it were after a plea of guilty or not guilty.' "); *In re Lewis,* 389 Mich. 668, 209 N.W.2d 203, 209 (1973) (stating that "[t]he majority position differentiates between allowing the collateral use of the plea as an admission of misconduct and allowing the collateral use of the fact of conviction. This position preserves the benefits of the plea of nolo contendere to a defendant who fears subsequent civil liabilities based upon an admission of guilt to a criminal charge. At the same time, however, the majority looks to the conviction and sentence imposed by the court after the plea and finds the conviction as conclusive as a conviction entered after a plea of guilty or entered after a trial and a plea of not guilty."); *see generally* Drechsler, *Plea of Nolo Contendere or Non Vult Contendere,* 89 A.L.R.2d 540 §§ 42, 43, 45[a], 47 (1963 & 1999 Supp.).

**15.** *See supra* note 14.

previous trial conviction.[16] Evidence of the Appellant's conviction and sentence would be properly admitted at trial.

Furthermore, the assessment of the consequences of admitting the plaintiff's sentence and conviction goes part and parcel with an examination of the plaintiff's ability to prove causation. As the *Olsen* court explained:

> Here Olsen pled nolo as part of a plea bargain with the prosecution, and he now attempts to enforce a bargain that is quite different from the bargain society offered him. The English translation of the Latin phrase "nolo contendere" is "I will not contest it." *Black's Law Dictionary* 1048 (6th ed.1990)(internal quotation marks omitted). By pleading nolo, Olsen agreed to a sentence of time already served as the punishment for the manslaughter conviction. While he did not admit to committing manslaughter, he did, by pleading nolo, agree that both his sentence and conviction were valid. There are compelling reasons to enforce this bargain: permitting a party who does not contest the court's authority to punish him to bring a subsequent proceeding in which he is able to claim that his punishment was improper would undermine the finality of plea bargains and jeopardize society's interest in a system of compromise resolution of criminal cases.

> Allowing the incarceration-related damages Olsen seeks would undermine the availability of nolo pleas. Although nolo pleas represent a compromise on the question of guilt, society accepts them because they produce convictions and sentences that are final. Faced with the prospect of continuing litigation and a possible damages award, prosecutors will not agree to nolo pleas, making such pleas less available to defendants. As is demonstrated in this case, nolo pleas are of benefit to defendants: Olsen avoided a trial, a possible conviction, and the potential for additional imprisonment. Ensuring the continuing availability of nolo pleas requires that we not allow Olsen to avoid the full force and effect of his plea.

> These policies of finality and the prevention of collateral attack on criminal convictions dictate against permitting Olsen to recover damages for his imprisonment. Olsen is not free to question the finality of his valid imprisonment by an action for incarceration-based damages. Olsen's valid manslaughter conviction and sentence are the sole legal cause of his incarceration.

189 F.3d at 69–70 (citation omitted).

██ Thus, a defendant who enters a plea of nolo contendere and is convicted and sentenced as a result thereof cannot contend that the attorney's negligence was the proximate cause of such sentence. Consequently, in a legal malpractice action brought by a plaintiff against his criminal defense attorney arising out of the plaintiff's conviction in which the plaintiff subsequently was awarded a new criminal trial and the plaintiff thereafter pleads nolo contendere rather than being retried, evidence of the plaintiff's conviction and sentence resulting from the nolo contendere plea bars the plaintiff from recovering any incarcerated-related damages. In such circumstances, the plaintiff's valid conviction and sentence are the sole legal cause for his incarceration and related damages.

In the case sub judice, the admission of the Appellant's conviction and sentence into evidence necessarily precludes the Appellant from proving that his alleged damages for being "wrongfully incarcerated in the penitentiary" were solely caused by his attorney's alleged negligence. The circuit court, therefore, did not err in dismissing the Appellant's complaint based upon a lack of causation.[17]

---

16. The Appellant is disingenuous in his argument that under the nolo contendere plea, he was only sentenced to six months and that "6 months is considerably shorter than 5 to 18 years." The sentence the Appellant received as a result of his nolo contendere plea was five to eighteen years for which he only had to serve six months additional time due to the fact that he received credit for the time already served in prison.

17. Given the holdings reached regarding the element of actual innocence and the admissibility and impact of the Appellant's conviction and sentence on his claim for incarceration-related damages, the resolution of the Appellant's assignment of error concerning collateral estoppel is of no moment.

Based upon the foregoing, the decision of the Circuit Court of Putnam County is hereby affirmed.

Affirmed.

Justice KETCHUM dissents and reserves the right to file a separate opinion.

KETCHUM, J., dissenting:

*The obliteration of the plea of nolo contendere, Rules 11b and 11e(6) of the Rules of Criminal Procedure, and Rules 410(2) and 803(22) of the Rules of Evidence*

The majority allows Mr. Humphries' plea of *nolo contendere* in a criminal case to be used against him in a civil case to establish his guilt or fault in the civil case. This ruling overturns 148 years of legal precedent, our *Rules of Criminal Procedure,* and our *Rules of Evidence,* all of which were established by this Court. Worse yet, it obliterates a criminal plea that served a very useful purpose.

In the past, a *nolo contendere* plea meant "I do not wish to contest the charges against me." It was not a plea of guilty and could not be used against the defendant in a subsequent civil action. As we once said in Syllabus Point 2 of *Schad v. McNinch,* 103 W.Va. 44, 136 S.E. 865 (1927):

> A plea of *nolo contendere,* when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea, as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant cannot plead *nolo contendere* without leave of the court. If such plea is tendered, the court may accept or decline it in its discretion.

The modern purpose of the plea is "to avoid exacting an admission which could be used as an admission in other potential litigation." *United States v. Jones,* 119 F.Supp. 288 (S.D.Cal.1954). *See also,* "Plea of Nolo Contendere or Non Vult Contendere," 89 A.L.R.2d 540 (1963).

Because a *nolo contendere* plea was tantamount to a conviction and was not an admission of factual guilt, it could not be plead in a criminal case without *the consent of the court.* Rule 11(b), *Rules of Criminal Procedure. See also,* 22 C.J.S., Criminal Law § 519; *United States v. Poellnitz,* 372 F.3d 562, 566 (3rd Cir.2004) ("While a *nolo* plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt.")

Our Court embraced this logic when it adopted West Virginia's *Rules of Criminal Procedure* and *Rules of Evidence.* The *Rules of Criminal Procedure* and *Rules of Evidence* make it clear that pleas of *nolo contendere* are not admissions of guilt, and are later inadmissible as proof that a defendant was in any way guilty. Rules 11(b) and (e)(6) of the *Rules of Criminal Procedure* provide, in part:

> (b) *Nolo Contendere.*—A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice. . . .

> (6) Inadmissibility of pleas, plea discussions, and related statements.—Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions: . . .

> (B) A plea of nolo contendere.

Rules 410 of the *Rules of Evidence* makes evidence of a *nolo* plea inadmissible, and says:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions. . . .

> (2) A plea of nolo contendere. . . .

Similarly, Rule 803(22) indicates that a *nolo* plea is inadmissible:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .

> (22) Judgment of previous conviction.— Evidence of a final judgment, entered after

a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime ...

Our Court adopted these rules of procedure and evidence—but now, contrary to these well-established rules, holds that a *nolo contendere* plea in a criminal case can be considered in a legal malpractice case. The majority opinion absolutely bars Mr. Humphries from any possibility of proving in his civil case that he was innocent of the criminal charges, and was sent to prison because of the carelessness and ineffective assistance of his lawyer.

I disagree with the majority, and respectfully dissent.