# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Richard McNemar,**
**Plaintiff Below, Petitioner**

**FILED**

**January 24, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0394** (Harrison County 11-C-534)

**Thomas G. Dyer and Dyer Law Offices,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Richard McNemar, appearing *pro se*, appeals the order of the Circuit Court of Harrison County, entered April 5, 2013, that denied his motion to alter or amend a March 26, 2013, order denying his motion for relief from judgment. Respondents Thomas G. Dyer and Dyer Law Offices, by counsel Mary Guy Dyer, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 29, 2008, petitioner was convicted of one count of sexual abuse by a parent, guardian, custodian, or a person in a position of trust and one count of sexual abuse in the first degree. Petitioner's former counsel, Willey Newbold, filed post-trial motions for a new trial and for a judgment of acquittal. However, after these motions were filed, petitioner's girlfriend retained respondents to represent petitioner in the post-trial proceedings and for purposes of appeal. Consequently, Respondent Thomas G. Dyer represented petitioner at the September 11, 2008 hearing on petitioner's post-trial motions. The circuit court denied the motions. The circuit court subsequently sentenced petitioner to concurrent terms for a total of ten to twenty years in prison. According to petitioner, Respondent Thomas G. Dyer also represented him at his April 23, 2009 sentencing hearing.

Thereafter, when petitioner's girlfriend was no longer able to pay respondents, respondents were court-appointed to continue their representation of petitioner. Respondent Thomas G. Dyer advised petitioner that "there are no non-frivolous grounds for a direct appeal" and that accordingly, they should allow the time for a direct appeal to lapse and concentrate on filing a petition for a writ of habeas corpus.

1

On August 18, 2009, Attorney Mary Guy Dyer drafted a letter that reflects that respondents had to explain their recommended course of action to petitioner more than once to obtain his agreement, but that petitioner eventually "decided not to appeal" his conviction and sentence. Attorney Mary Guy Dyer further noted that petitioner's primary contention was that Attorney Newbold had been ineffective as trial counsel, which is a claim that is best litigated in a collateral proceeding.[1]

Petitioner filed a *pro se* habeas petition on August 21, 2009. The circuit court appointed Respondent Thomas G. Dyer to represent petitioner in the habeas proceeding. Respondent Thomas G. Dyer filed an amended petition on December 22, 2009, and also represented petitioner at an omnibus hearing held on the amended petition. The circuit court denied habeas relief on July 1, 2010. Petitioner subsequently appealed *pro se* to this Court which affirmed the denial of habeas relief. *See McNemar v. Ballard*, No. 11-0606, 2012 WL 5990127 (W.Va. Supreme Court, November 30, 2012) (memorandum decision).

On August 2, 2011, petitioner filed the instant action alleging that respondents neglected "their 'professional duty' and 'professional ethics' resulting in direct consequences and multiple damages and injury to [petitioner]."[2] Petitioner more specifically averred that respondents were hired to file a direct appeal and failed to do so. Petitioner asked for a total of $1,100,000 in damages. On January 12, 2012, respondents moved to dismiss the action for a failure to state a claim upon which relief can be granted. By an order entered February 9, 2012, the circuit court determined that petitioner's complaint was sufficient to state a legal malpractice claim against respondents, but that respondents were immune from suit pursuant to the Public Defender Services Act, West Virginia Code §§ 29-21-1 to -21. Accordingly, the circuit court dismissed petitioner's action.

On January 16, 2013, petitioner filed a motion for relief from judgment under Rule 60(b) of

---

[1] In Syllabus Point Ten of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), this Court held as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

[2] Petitioner filed the action in the Circuit Court of Fayette County where he was incarcerated at the time. The Circuit Court of Fayette County transferred the action to the Circuit Court of Harrison County, in which petitioner was convicted, on December 21, 2011.

the West Virginia Rules of Civil Procedure. First, petitioner argued that the circuit court erroneously granted respondents immunity under the Public Defender Services Act because respondents were initially paid by a private retainer. *See* W.Va. Code § 29-21-20 (immunity from liability is afforded to attorneys who are (1) court-appointed; and (2) "whose only compensation therefor is paid under the provisions of this article"). Second, petitioner asserted that respondents engaged in fraud by causing petitioner to have them appointed to represent him when respondents had already been paid a $5,000 retainer. Lastly, petitioner alleged that respondents made misrepresentations in their motion to dismiss.

On March 26, 2013, the circuit court denied petitioner's motion for relief from judgment. The circuit court first determined that the motion was not filed within a reasonable time because, while the motion was filed within a year of the action's dismissal, petitioner did not explain why he delayed filing the motion. Additionally, the circuit court rejected petitioner's fraud and misrepresentation claims. The circuit court noted that it had dismissed petitioner's action based on its own review of the record because petitioner's complaint failed to state a viable cause of action due to its application of a statute that was not raised by respondents. The circuit court reaffirmed its ruling that the Public Defender Services Act afforded respondents immunity from petitioner's action.

Petitioner subsequently moved the circuit court under Rule 59(e) to alter or amend its March 26,2013, order denying his motion for relief from judgment. Although petitioner focused on whether his prior motion had been timely filed under Rule 60(b), the circuit court, by an order entered April 5, 2013, found that petitioner's argument was a "thinly disguise[d]" attempt to have the court reconsider the previous motion. The circuit court reaffirmed its former conclusion that Rule 60(b) relief should be denied. Petitioner now appeals the circuit court's April 5, 2013, order.

The standard of review applicable to an appeal from a motion to alter or amend a judgment is the same standard that would apply to the underlying order upon which the motion is based and from which the appeal is filed. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.,* 204 W.Va. 430, 513 S.E.2d 657 (1998). Accordingly, we review the circuit court's decision to deny petitioner's motion to alter or amend for an abuse of discretion. *See* Syl. Pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974) ("A motion to vacate a judgment made pursuant to Rule 60(b) . . . is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.").

On appeal, petitioner argues that respondents were not immune from his suit under the Public Defender Services Act because respondents were initially paid by a private retainer. Respondents counter that the circuit court did not commit any error in denying petitioner's motion for relief from judgment and that the court's decision should be affirmed.

This Court finds that it does not need to resolve the issue of whether attorneys who were initially paid from a private source are protected by the immunity afforded under the Public Defender Services Act. The Court determines that even if respondents were not immune from suit under the Act, the circuit court still correctly found that petitioner's complaint failed to state a

3

viable cause of action.[3] *See* Syl. Pt. 2, *Humphries v. Detch,* 227 W.Va. 627, 712 S.E.2d 795 (2011) (a convict may not bring a legal malpractice action against his former criminal defense attorneys "as long as the determination of the plaintiff's guilt of that offense remains undisturbed"). This Court finds that respondents clearly served as petitioner's criminal defense attorneys. Petitioner does not dispute that respondents, in the person of Thomas G. Dyer, represented him in the post-trial phase of his criminal proceeding. Petitioner specifically alleged in his complaint that respondents were hired to file a direct appeal of his criminal conviction and sentence. Accordingly, this Court concludes that petitioner's action is barred pursuant to Syllabus Point Two of *Humphries* and that the circuit court did not abuse its discretion in denying petitioner's motion to alter or amend its prior order denying his Rule 60(b) motion for relief from judgment.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   January 24, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] To the extent that the circuit court may have reached the right conclusion for the wrong reason, that is irrelevant to our ability to uphold the circuit court's decision because "we look not to the correctness of the legal ground upon which the circuit court based its order, but rather, to whether the order itself is correct, and we will uphold the judgment if there is another valid legal ground to sustain it." *Yourtee v. Hubbard*, 196 W.Va. 683, 690 n. 9, 474 S.E.2d 613, 620 n. 9 (1996).

[4] Petitioner re-raises two other issues he raised before the circuit court, that (1) respondents engaged in fraud and/or misrepresentation; and (2) the circuit court erred in finding that his Rule 60(b) motion was untimely. This Court finds neither of these issues would be able to overcome the bar against petitioner's action imposed by Syllabus Point Two of *Humphries v. Detch,* 227 W.Va. 627, 712 S.E.2d 795 (2011). Therefore, the Court declines to address these arguments.