# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Petition of M.S. for Expungement of Record,
Petitioner Below, Petitioner**

No. 13-0858 (Kanawha County 13-P-346)

**FILED**

April 4, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner M.S.,[1] appearing *pro se*, appeals the July 31, 2013, order of the Circuit Court of Kanawha County denying his petition to expunge his criminal records pertaining to a charge of driving under the influence, first offense ("DUI"), that was dismissed. Respondent State of West Virginia, by counsel Julie A. Warren, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 25, 2013, petitioner filed a petition in the Circuit Court of Kanawha County to have the dismissed DUI charge expunged pursuant to West Virginia Code § 61-11-25. Petitioner is a physician's assistant licensed by the West Virginia Board of Medicine. According to Petitioner, having the DUI charge on his record creates undue hardship for him in terms of his professional license and employment opportunities. After a hearing, the circuit court denied the petition for expungement on July 31, 2013, "due to the underlying case being dismissed per plea in Magistrate Court Case Number 12M-9576."

In No. 12-M-9576, petitioner pled no contest to failure to maintain control of his vehicle and was fined $100 plus $160.80 in court costs. The no contest plea was initialed and signed by petitioner, and signed by both petitioner's counsel and the magistrate. A hand-written notation at the bottom of the plea indicates that a separate case, No. 11-M-10357, was being dismissed. In No. 11-M-10357, the magistrate's judgment order reflects that the DUI charge was "dismissed – per plea." Both the failure to maintain control charge and the DUI charge arose out of the same incident occurring on November 3, 2011, when petitioner was operating a motor vehicle and, according to the criminal complaint, "struck the raised concrete island at the intersection of Ferry St. and Thayer St." in Charleston.

---

[1] Because this case was deemed confidential by a September 16, 2013, order of this Court, we use only petitioner's initials.

1

On August 12, 2013, petitioner filed motions to have the circuit court reconsider his expungement petition. The circuit court denied the motions on August 14, 2013.

Petitioner now appeals to this Court.[2] "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

In addition, in *Mullen v. State, Div. of Motor Vehicles*, 216 W.Va. 731, 733, 613 S.E.2d 98, 100 (2005), this Court stated that West Virginia Code § 61-11-25 authorizes discretionary expungement "[w]hen criminal charges are dismissed (not as part of a plea agreement) or a person is found not guilty."[3] On appeal, petitioner argues that the circuit court abused its discretion in denying his expungement petition because (1) a no contest plea should not be considered as a "guilty plea" under West Virginia Code § 61-11-25; and (2) the State's dismissal of the DUI charge was not part of a plea agreement.

Regarding petitioner's first contention, the State responds that a no contest plea is "essentially the same as a guilty plea." *Humphries v. Detch,* 227 W.Va. 627, 635, 712 S.E.2d 795, 803 (2011) (Internal quotations and citations omitted.). In *Humphries*, the plaintiff argued that his no contest plea to manslaughter should not be considered as an admission of guilt in his legal malpractice action against his former criminal defense attorney. 227 W.Va. at 633, 712 S.E.2d at 801. This Court in *Humphries* ruled in the attorney's favor and held that the plaintiff's conviction and sentence based on his no contest plea was admissible to prove that "the plaintiff was convicted of the crime that was the subject of the [no contest] plea." Syl. Pt. 3, 227 W.Va. at 628-29, 712 S.E.2d at 796-97. In the instant case, petitioner's conviction and fine are equally conclusive as to whether petitioner was convicted of the offense that was the subject of his no contest plea: failure

---

[2] Petitioner filed his motions for reconsideration within the ten-day time frame set out in Rule 59(e) of the West Virginia Rules of Civil Procedure; therefore, this Court will consider the denial of those motions together with the denial of the expungement petition. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

[3] West Virginia Code § 61-11-25(a) provides, in pertinent part, as follows:

> Any person who has been charged with a criminal offense under the laws of this state and *who has been found not guilty of the offense, or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense*, may file a civil petition in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge or other matters arising out of the arrest or charge . . . .

(Emphasis added.).

to maintain control. Any argument by petitioner that he is not guilty of that offense must be rejected.

The only remaining issue is whether petitioner pled no contest to failure to maintain control as part of a plea agreement that also involved the dismissal of his DUI charge. The States asserts that the record supports the circuit court's finding that the DUI charge was "dismissed per plea." This Court notes that deference is given to the circuit court's factual findings and concludes that the circuit court did not clearly err in finding that the DUI charge was dismissed as a part of a plea agreement. Accordingly, West Virginia Code § 61-11-25 did not authorize the DUI charge's expungement from petitioner's record. This Court determines that the circuit court did not err in denying the petition for expungement.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 4, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II