# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SEVITA HEALTH,**
**Employer Below, Petitioner**

**v.) No. 23-ICA-385**        (JCN: 2023015404)

**KELLI WYATT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sevita Health appeals the August 2, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Kelli Wyatt timely filed a response. [1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which had denied the claim, and holding the claim compensable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to and during the underlying litigation, Ms. Wyatt was employed by Sevita Health as a direct support professional caregiver for individuals with intellectual and developmental disabilities. On December 30, 2022, Ms. Wyatt presented to the emergency room ("ER") and reported that she twisted her left knee the day before and was experiencing pain. It is not disputed that Ms. Wyatt twisted her knee at home and not while working. Subsequently, on January 23, 2023, Ms. Wyatt presented at a MedExpress location and reported that she sprained her left knee two to three weeks prior and that it had improved for a while, but she had been experiencing increased pain for about two days. The report from Med Express does not contain information describing where or when Ms. Wyatt had sprained her knee. The assessment was pain of the left knee joint. That same day, Ms. Wyatt presented at the ER with complaints of knee pain and swelling. Ms. Wyatt again reported that she twisted her knee about three weeks prior and that it started to feel better but had increased in pain the last two days. The ER records indicated that there was "[n]o new injury." On January 30, 2023, Ms. Wyatt sought treatment at Wheeling Health

---

[1] Sevita Health is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq. Kelli Wyatt is represented by Sandra K. Law, Esq.

1

Right. The records noted that Ms. Wyatt was experiencing left knee pain and stiffness since the previous week but made no mention of any work-related injury.

Ms. Wyatt was seen by Michael J. Scheel, M.D., an orthopedic surgeon on January 31, 2023. Ms. Wyatt reported that she sustained an initial injury to her left knee on December 29, 2022, and that she re-injured it on January 23, 2023. Ms. Wyatt reported that her knee swelled more following the re-injury and that she continued to have pain.

On February 14, 2023, Ms. Wyatt returned to MedExpress, and staff assisted her in completing an Employees' and Physicians' Report of Occupational Injury. Ms. Wyatt reported that she injured her left knee on January 19, 2023, while pushing a client in a shower chair. The physicians' section indicated a diagnosis of effusion of the left knee and pain in the left knee.

Ms. Wyatt underwent an MRI of her left knee on February 16, 2023, which revealed horizontal oblique tearing at the tibial articular surface posterior horn medial meniscus, degenerative intrameniscal signal of the posterior body of the lateral meniscus, mild tricompartmental osteoarthritis and a large joint effusion, and minimal edema along the MCL that "may be reactive versus grade 1 sprain." By order entered on February 16, 2023, the claim administrator rejected the claim, finding that Ms. Wyatt had not described a definite, isolated, fortuitous event occurring in the course of and resulting from her employment. Ms. Wyatt protested the claim administrator's order to the Board. The Board issued an order on May 1, 2023, which, among other things, extended the time frame in which Ms. Wyatt and Sevita Health could submit evidence in the appeal to June 5, 2023.

Ms. Wyatt returned to see Dr. Scheel on February 21, 2023. Dr. Scheel diagnosed a complex tear of the medial meniscus of the left knee and effusion of the left knee joint and opined that Ms. Wyatt was a good candidate for a left knee arthroscopy for partial medial meniscectomy. Ms. Wyatt again treated with Dr. Scheel on March 7, 2023. According to his clinical notes, Ms. Wyatt reported that she twisted her knee at home in December of 2022 but that it "completely resolved" and that she "did not seek medical treatment at that time." Ms. Wyatt reported that, subsequently, she injured her left knee in a twisting injury on January 19, 2023, when she was pushing a client in a shower chair. Dr. Scheel noted that Ms. Wyatt wished to proceed with surgical intervention.

On April 27, 2023, Ms. Wyatt testified via deposition that she was pushing a 200-pound patient in a shower chair and that the chair was veering to the right and when she tried to steer it straight, she twisted her knee. Ms. Wyatt testified that she felt pain in her knee but was able to complete her shift. Ms. Wyatt continued to work the next few days and cared for patients who were more independent and could take more care of themselves. Ms. Wyatt acknowledged injuring her knee in December of 2022, but claimed that she did not have any problems with it after icing it for two to three days.

2

After submitting her evidence to the Board, Ms. Wyatt filed a closing argument on June 9, 2023. On June 15, 2023, Sevita Health filed a closing argument and on June 16, 2023, it filed a Motion to Accept Evidence. On July 1, 2023, Ms. Wyatt submitted a reply closing argument. Sevita Health submitted an objection to Ms. Wyatt's reply closing argument, noting that there is no provision for the same in West Virginia Code of State Rules § 102 and requesting that it be stricken. Sevita Health stated that if Ms. Wyatt's reply was accepted, it requested additional time to address the reply closing argument.

By order dated August 2, 2023, the Board reversed the claim administrator's order rejecting the claim. The Board also denied Sevita Health's request to strike Ms. Wyatt's reply closing argument and denied its alternative request for additional time to address the reply closing argument, finding that "[t]he interests of justice would not be materially served by granting additional time for the employer to submit a response." Regarding compensability, the Board found that the evidence reflected that new symptoms appeared and continuously manifested themselves after the January 19, 2023, injury.[2] The Board found that though Ms. Wyatt had been treated for her left knee injury in December of 2022, she continued to work and felt better. The Board further noted that no effusion of the knee was present following the December 29, 2022, injury, but effusion and warmth were noted at the January 23, 2023, appointment. As such, the Board concluded that Ms. Wyatt sustained a discrete new injury to her left knee in the course of and resulting from her employment on January 19, 2023. However, the Board found that additional evidence was needed in order to determine the appropriate compensable diagnosis, as the only diagnoses listed on the claim application were effusion and pain, which were symptoms and could not be added to the claim. Accordingly, the Board reversed the order denying the claim and

_____

[2] The Board stated that it was reviewing the case in light of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), which holds that "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at 294, 879 S.E.2d at 781, Syl. Pt. 5. However, we find *Moore* inapplicable to the case at bar. While there was a question of whether Ms. Wyatt's knee symptoms were due to her at-home injury or a new work-related injury, there is no evidence that Ms. Wyatt had underlying preexisting conditions that would have implicated an analysis under *Moore*. This was simply a matter of whether the injury was occupational in nature.

Nevertheless, we find that the Board's ultimate conclusion was correct. Therefore, for the reasons set forth more fully below, we affirm on other grounds. "[A]n appellate court may affirm a correct decision based on any grounds supported by the record, 'regardless of the ground, reason or theory asserted by the lower court as the basis for its judgment.'" *Pita, LLC. v. Segal,* 249 W. Va. 26, __, 894 S.E.2d 379, 393 (Ct. App., 2023) (quoting *Humphries v. Detch*, 227 W. Va. 627, 635 n.10, 712 S.E.2d 795, 803 n.10 (2011)).

remanded the matter for additional evidence regarding the appropriate compensable condition. Sevita Health now appeals and filed an accompanying motion for stay, which this Court granted by order dated September 28, 2023.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Sevita Health raises three assignments of error. First, Sevita Health argues that the Board erred in reversing the claim administrator's order and holding the claim compensable. Specifically, Sevita Health argues that the Board's finding that Ms. Wyatt sustained a discrete new injury to her left knee is clearly wrong in light of the evidence. Sevita Health argues that Ms. Wyatt injured her knee at home on December 29, 2022, and that she failed to report an alleged January 19, 2023, workplace injury at two medical appointments on January 23, 2023. Sevita Health points out that, in fact, Ms. Wyatt did not submit a completed claim application for almost a month after the alleged injury occurred, even though she sought treatment at least three times. Moreover, Sevita Health notes that the claim application does not include diagnoses that can be held compensable. As such, in its second assignment of error, Sevita Health asserts that the Board erred in declining to address the compensable conditions in the claim. Further, Sevita Health contends that if the Board determined that there was enough evidence upon which to hold the claim compensable, that there was sufficient evidence to rely upon in determining the compensable diagnosis in the claim. Sevita Health argues that in failing to make a decision regarding the compensable condition, the Board basically determined that there was no compensable condition and Ms. Wyatt has failed to demonstrate that she sustained an injury in the course of and resulting from her employment.

4

Sevita Health's third assignment of error is that the Board erred in allowing Ms. Wyatt to file a reply closing argument and yet denied Sevita Health the opportunity to respond. Sevita Health contends that the Board allowed Ms. Wyatt an opportunity that it denied to Sevita Health, which is inherently unjust, arbitrary, capricious, and an abuse of discretion.

Upon review, we find no clear error in the Board's order reversing the claim administrator's order and holding the claim compensable. In order for a claim to be held compensable under the Workers' Compensation Act, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Jordan v. State Workmen's Comp. Comm'r*, 156 W. Va. 159, 163, 191 S.E.2d 497, 500 (1972) (citation omitted). Said another way, "A claimant must establish compensability through competent evidence demonstrating that he or she suffers from a disability incurred in the course of and resulting from his or her employment and that there is a causal connection between the disability and the employment." *Lambert v. Contura Energy, Inc.*, No. 21-0868, 2023 WL 5978198, at *4 (W. Va. Sept. 14, 2023) (memorandum decision) (citing *Deverick v. State Comp. Dir.*, 150 W. Va. 145, 144 S.E.2d 498 (1965)).

We conclude that sufficient evidence exists to support the Board's conclusion that Ms. Wyatt demonstrated that she sustained an occupational injury. It is undisputed that Ms. Wyatt injured her knee at home on December 29, 2022. However, Ms. Wyatt repeatedly reported that her symptoms resolved following that injury. Ms. Wyatt informed Dr. Scheel on January 31, 2023, less than ten days after the injury, that she had reinjured her knee. Ms. Wyatt also timely completed an Employees' and Physicians' Report of Occupational Injury on February 14, 2023, indicating that she had injured her knee while at work. Further, Ms. Wyatt testified that she injured her knee while working, and submitted medical records and imaging studies in support of her claim. While Sevita Health raises credibility arguments surrounding Ms. Wyatt's injury, Ms. Wyatt's evidence, including her deposition testimony that she injured her knee while pushing a client in a shower chair, was uncontradicted during the proceedings below. Sevita Health did not cross-examine Ms. Wyatt regarding any alleged discrepancy issues during her deposition, nor did it present any testimony or medical evidence to rebut Ms. Wyatt's claims. Simply put, Ms. Wyatt presented sufficient evidence to establish an occupational injury and Sevita Health failed to present any relevant evidence rebutting Ms. Wyatt's evidence. Accordingly, we cannot find that the Board erred in holding Ms. Wyatt's claim compensable.

Regarding Sevita Health's second assignment of error, that the Board erred in holding the claim compensable without a clear diagnosis, we find no error. The Supreme Court of Appeals of West Virginia has previously upheld a Board's order holding a claim compensable and remanding the matter for the purpose of ascertaining the appropriate compensable condition. *See Constellium Rolled Prod. v. Myers*, No. 20-0281, 2021 WL

2580719, at *3 (W. Va. June 23, 2021) (memorandum decision) (finding that the Board correctly remanded the matter for a determination of the compensable condition(s) in the claim after the claimant showed by a preponderance of the evidence that he sustained an occupational injury). Accordingly, we find no merit in Sevita Health's argument in this regard.

Likewise, we find no merit in Sevita Health's third assignment of error regarding the Board's allowance of Ms. Wyatt's filing a reply closing argument but denying Sevita Health the opportunity to respond. Sevita Health argues that the Board's action was inherently unjust, arbitrary, capricious, and an abuse of discretion.

Under the limited circumstances of this case, we disagree. West Virginia Code of State Rules § 102-1-6.5 (2022) provides as follows:

> Closing arguments and arguments in lieu of evidence. Except for purposes of the section on "Failure to Prosecute Protest," parties may file a closing argument within ten (10) days after the expiration of the final time frame. A closing argument filed later than ten (10) days after the expiration of the final time frame may be considered at the discretion of the Board of Review.

We conclude that the Board did not abuse its discretion. Per the May 1, 2023, order from the Board, the time frame to submit evidence in the claim ended on June 5, 2023, and, pursuant to West Virginia Code of State Rules § 102-1-6.5, closing arguments were due ten days later. Ms. Wyatt timely submitted her evidence and closing argument. Sevita Health did not file its evidence on time, but the Board permitted its late-filed evidence. Consequently, Ms. Wyatt filed a reply closing argument in order to respond to Sevita Health's evidence. The matter was then submitted for a decision on July 10, 2023. It was not until after the claim had been submitted for a decision that Sevita Health sought to object to Ms. Wyatt's reply closing argument and file one of its own.

Under these circumstances, we cannot conclude that the Board abused its discretion in either permitting Ms. Wyatt to file a reply closing argument or denying Sevita Health the opportunity to respond to Ms. Wyatt's reply. Contrary to Sevita Health's claims, this section does not specifically prohibit the filing of a reply brief. Moreover, West Virginia Code of State Rules § 102-1-3.4 (2022) and West Virginia Code of State Rules § 102-1-6.5 state that any closing argument filed more than ten days after the expiration of the timeframe "may be considered at the discretion of the Board of Review." Given Sevita Health's delay in filing its evidence, we find no error or abuse of discretion in the Board's actions below.

Accordingly, we affirm the Board's August 2, 2023, order.

Affirmed.

6

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear